(108 So. 853)
### GAY v. TAYLOR. (5 Div. 930.)

(Supreme Court of Alabama. May 27, 1926.)

**1. Execution** ⬅⟹293—**Mortgagee, reconveying statutory right· of redemption to judgment debtor, vested in him right to redeem property from purchaser at execution sale (Code 1923, § 10140 et seq.).**

Where mortgagee of judgment debtor, entitled to redeem property when sold under execution on judgment prior to his mortgage, reconveyed its rights to judgment debtor, he became assignee of statutory right of redemption, and could redeem property from purchaser at execution sale in manner directed by Code 1923, § 10140 et seq.

**2. Execution** ⬅⟹296, 297—**Purchaser at execution sale, by failing to furnish itemized statement of debt and lawful charges on demand, forfeited all claims to compensation for improvements, and assignee could enforce right of redemption without tender (Code 1923, §§ 10144, 10147).**

Where purchaser at execution sale, within 10 days after written demand on him by assignee of mortgagee's right of redemption, failed to furnish assignee with a written itemized statement of the debt and lawful charges claimed by him, he thereby forfeited all claims or right to compensation for improvements, and assignee could enforce his right of redemption under Code 1923, §§ 10144, 10147, without a tender, by simply offering to pay purchaser's debt or purchase price and all lawful charges.

**3. Execution** ⬅⟹297 — **Offer of assignee of mortgagee's redemption rights in bill to redeem from purchaser at execution sale to pay "lawful charges" held sufficient compliance with statute (Code 1923, § 10145, subd. 4, section 10147).**

Offer of assignee of mortgagee's redemption rights in bill to redeem from purchaser at execution sale to pay purchase price and "lawful charges" on purchaser's interest in the property *held* sufficient compliance with Code 1923, § 10147; "lawful charges" including any balance due on judgment under section 10145, subd. 4.

[Ed. Note.—For other definitions, see Words and Phrases, Lawful Charges.]

Appeal from Circuit Court, Randolph County; N. D. Denson, Judge.

Bill in equity by W. C. Gay against J. L. Taylor. From a decree on demurrer to the

bill, complainant appeals. Reversed, rendered, and remanded.

Hooton & Moon, of Roanoke, for appellant.

Counsel argue for error in the decree, citing Jackson v. Tribble, 156 Ala. 480, 47 So. 310.

A. L. Crumpton, of Ashland, for appellee.

Brief of counsel did not reach the Reporter.

MILLER, J. This is a bill in equity by W. C. Gay against J. L. Taylor by which he seeks to redeem under the statutes an undivided three-fourteenths interest in 120 acres of land particularly described therein.

The court sustained demurrers to the bill as originally filed and as amended, and from the decree sustaining demurrers to the bill as amended this appeal is prosecuted by the complainant, and it is the error assigned and argued.

J. L. Taylor, defendant, obtained a judgment against W. C. Gay, complainant, a certificate of which was duly filed and recorded in 1920 or 1921 in the probate office of the county in which the land is located. Afterwards, on November 1, 1922, complainant executed a mortgage on his said three-fourteenths interest in this land to the Roanoke Banking Company to secure the sum of over $2,500. Between the 1st and 15th of November, 1922, complainant by deed conveyed his interest in said land to this bank as part payment of his indebtedness to it.

The complainant was, on November 15, 1922, duly adjudged a bankrupt by the bankrupt court of the Middle district, Eastern division of Alabama, and in January, 1925, he had been by this court duly discharged from all debts made by him prior to November 15, 1922. After complainant was adjudicated a bankrupt, and before his discharge, the defendant was permitted by the bankrupt court to sell the three-fourteenths interest in this land at execution sale under his judgment. At this sale on March 5, 1923, the defendant purchased this three-fourteenths interest in this property. The Roanoke Banking Company, on January 24, 1925, duly conveyed all of its rights, title, and interest in this undivided three-fourteenths interest in this land to complainant.

[1] The Roanoke Banking Company's mortgage was subject to the recorded certificate of judgment lien of the defendant on this property, and as mortgagee, under the statute, of the judgment debtor it was entitled to redeem this property which was sold under execution on said judgment. By this conveyance of the Roanoke Banking Company to complainant he became the assignee of the statutory right of redemption of this bank, and under the statute had the right to re-

deem this property in the manner as directed by the statutes. Sections 10140 et seq.

After the purchase of the property by defendant at the execution sale, he never demanded in writing of the bank or the complainant possession of this three-fourteenths interest therein.

The complainant alleges on February 7, 1925, complainant through his attorney in writing demanded of the defendant, under section 10144, Code of 1923, all the lawful charges on said interest in said land, and he refused to render to complainant in the time required by law such statement of the lawful charges in writing demanded. This bill of complaint was then filed.

[2] When the defendant, within ten days after such written demand was made on him, failed to furnish complainant with a written itemized statement of the debt and lawful charges claimed by him, as averred in the amended bill, he thereby forfeited all claims or right to compensation for improvements, and the complainant was then entitled as a matter of right to file this bill as amended in equity to enforce his statutory right of redemption without a tender by simply offering therein by averment to pay such debt or purchase price and all lawful charges. Sections 10144, 10147, Code 1923; Slaughter v. Webb, 205 Ala. 334, headnote 3, 87 So. 854.

[3] The statute requires the court to take jurisdiction thereof, and to settle and adjust all the rights and equities of the parties, as provided by the statutes, if complainant offers in the bill to "pay such debt or purchase price and all lawful charges." Section 10147, Code 1923; Slaughter v. Webb, 205 Ala. 334, headnote 3, 87 So. 854. The complainant in the bill as amended fully complied with that requirement in the statute by averring "that orator is ready and willing to pay the purchase price and lawful charges on said interest in said property so sold under judgment and execution and bought in by said judgment creditor J. L. Taylor when the same shall be ascertained by your honor's court." Slaughter v. Webb, 205 Ala. 334, headnote 3, 87 So. 854, and authorities, supra. The offer to pay "lawful charges" includes under the statute any balance due on the judgment. Section 10145, subd. 4, and section 10147, Code 1923.

It results that the court erred in sustaining the demurrer to the bill as amended. It should have been overruled, and such decree will be entered here.

The decree is reversed and the cause remanded.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.