(87 South. 854)

**SLAUGHTER v. WEBB. (6 Div. 109.)**

(Supreme Court of Alabama. Jan. 13, 1921. Rehearing Denied Feb. 10, 1921.)

**1. Mortgages ⬤⟳605—Redemptioner need not make tender of unjust claims.**

Under Code 1907, §§ 5748, 5749, requiring purchaser at mortgage foreclosure to furnish redemptioner with a statement of the debt and all lawful charges under penalty of forfeiting right to improvements and requiring tender by the redemptioner, a purchaser furnishing a statement of unfounded claims may not forfeit his right to compensation for improvements, but the redemptioner is not bound to tender payment of unjust claims, and he may show as an excuse for failing to do so that the amount of claims in the statement is incorrect, and his inability to ascertain the correct amount; as sections 5750 and 5751, prescribing essentials of a bill to redeem and to require execution of title where the purchaser refuses to make title after payment or tender of the amount of a correct statement, and sections 5757 and 5758, providing a compulsory arbitra-

tion of value of improvements where the parties cannot agree, do not apply to the tender required and excuses therefor in said sections 5748 and 5749.

**2. Mortgages ⬦591(1)—Redemption statutes do not permit of a partial redemption.**

The body of the Code sections relating to redemption of real estate from forced sales, Code 1907, §§ 5746–5759, does not permit of a partial redemption—a redemption which would leave any part of the claims for lawful charges in abeyance, to become the subject of future litigation.

On Rehearing.

**3. Mortgages ⬦605 — Ascertained charges need not be tendered or paid by redemptioner where part is unascertained.**

Code 1907, § 5751, does not require that a redemptioner pay into court such part of the lawful debt, charges, etc., as can be ascertained if the full or correct amount is not ascertainable, but means that, if a statement is not furnished, an offer by the redemptioner to pay the debt and all lawful charges will suffice.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by Mrs. S. E. Webb against M. Slaughter to redeem from mortgage foreclosure sale. From decree overruling demurrers to the bill, respondent appeals. Affirmed.

Copeland and wife executed a mortgage tc Steiner Bros. upon certain land situated in Jefferson county, the mortgage being for the sum of $1,250, which Steiner Bros. foreclosed on August 30, 1918, purchased at the sale, and afterwards conveyed the property to M. Slaughter. Copeland and wife conveyed the property by deed to Carroll, who in turn conveyed to Tom Jacks, and after the foreclosure Jacks and wife conveyed the property to complainant and assigned to her their statutory right of redemption. Statement furnished on demand of complainant begins with the amount of the mortgage debt and accrued interest, attorney's fees, advertising fees, and taxes, and then sets forth a number of other items totaling something over $8,000. The bill asked the court to ascertain the proper amount and offers to do equity, but does not allege a tender.

Leader, Ullman & Ewing, of Birmingham, for appellant.

Section 5748 is penal, and subject to the rules governing such statutes, and must be strictly construed in favor of the purchaser. 101 Ala. 362, 13 South. 564; 115 Ala. 227, 22 South. 68; 189 Ala. 204, 66 South. 149; 125 Ala. 491, 28 South. 484; 195 Ala. 474, 70 South. 660; 115 N. W. 705; 42 Ind. App. 592, 85 N. E. 36; 175 N. Y. 328, 67 N. E. 586; 36 Cyc. 1181. The statute must be construed to be limited to cases wherein the purchaser wholly fails to furnish any statement what-ever. 182 Ala. 419, 62 South. 712, 47 L. R. A. (N. S.) 607; 163 Ala. 460, 50 South. 140; 189 Ala. 204, 66 South. 149; 140 U. S. 25, 11 Sup. Ct. 691, 35 L. Ed. 332. The right to file a bill under section 5750 is limited to cases in which the purchaser fails or refuses to convey upon payment or tender. 160 Ala. 523, 49 South. 334. Under section 5751, Code 1907, the court cannot take jurisdiction until the complainant shall pay into court with the filing of the bill, the principal, interest, and lawful charges. 203 Ala. 496, 83 South. 595; 176 Ala. 134, 57 South. 705; 142 Ala. 590, 39 South. 174; 199 Ala. 1, 73 South. 981; 101 Ala. 695, 14 South. 368; 81 South. 660. Under sections 5757, 5758, Code 1907, the person offering to redeem must pay the value of all permanent improvements made after title acquired. 109 Ala. 651, 19 South. 730; 203 Ala. 155, 82 South. 186; 133 Ala. 389, 32 South. 602; 190 Ala. 521, 67 South. 401; 99 Ala. 117, 12 South. 567. The chancery court has no jurisdiction to determine or decree the value of permanent improvements on bill filed to redeem. 109 Ala. 651, 19 South. 730.

Thomas J. Judge, of Birmingham, for appellee.

The demurrers were properly overruled. 180 Ala. 143, 60 South. 799; 187 Ala. 181, 65 South. 364; 204 Ala. 329, 85 South. 742; section 5748, Code 1907. No tender was necessary in this case. 203 Ala. 155, 82 South. 186; 160 Ala. 523, 49 South. 334, and authorities supra. The rule that bills to redeem may be filed without tender, where an incorrect or false statement of the debt and lawful charges is rendered, constitutes the rule of property. 19 Ala. 223; 84 Ala. 57, 4 South. 225; 86 Ala. 102, 5 South. 587, 11 Am. St. Rep. 21; 92 Ala. 139, 9 South. 166; 95 Ala. 412, 11 South. 262; 101 U. S. 667, 25 L. Ed. 1037. The statement furnished was not the statement contemplated by the statutes. Section 5748, Code 1907; 4 Words and Phrases, 3798; 14 S. W. 557.

SAYRE, J. Appellee, as assignee of the statutory right of redemption, filed this bill to redeem against appellant in possession as vendee of the purchaser at a mortgage foreclosure sale. Demurrer to the bill was overruled, and defendant appealed.

The bill fails to aver a tender of purchase money, interest, and other lawful charges, as provided by section 5749 of the Code, and the demurrer takes the point. Complainant's excuse is, and the bill so avers in effect, that she demanded of defendant a statement in writing of the debt and all lawful charges claimed by him, as provided by section 5748, and that defendant failed or refused to furnish a correct itemized statement, but did furnish a false statement containing a very considerable number of charges which were

in law no proper charges and some of which were exaggerated, all of which is set forth with due particularity; and further complainant excuses her failure to make a tender averring that she is unable to ascertain the actual and correct amount due on the mortgage debt and lawful charges, as may very well be the fact in the case of a bill filed by an assignee of the right of redemption.

[1] Demurrant's first proposition is that a statement of debt and lawful charges furnished is a compliance with the demand authorized by section 5748, whether correct or not, and forecloses all inquiry as to the consequences attached by the statute to a failure to furnish a statement. In support of this proposition cases are cited to the general effect that in the construction of statutes the court will indulge the presumption that no change in the law was intended beyond what is declared expressly or by necessary implication. Complainant, on the other hand, seems to contend that the purchaser, or his vendee, who furnishes a statement incorrect in any particular is in the same plight as if he had wholly failed, citing Johnson v. Davis, 180 Ala. 143, 60 South. 799. Our judgment is that, while a statement under section 5748 may be so falsely made up as to constitute a fraud upon the law, and the redemptioner claiming under it, and the legal equivalent of a failure to furnish the statement for which the section provides, yet, if the purchaser furnishes an itemized statement of the debt and all lawful charges claimed by him in good faith, he complies with the statute, and cannot be held to have forfeited his right to compensation for improvements. But the redemptioner is not required to tender payment of unjust claims, and, notwithstanding a statement has been furnished, he may now, as he could before the enactment of section 5748, which first appeared in the Code of 1907, show as an excuse for failing therein that the amount of the claim shown by the statement furnished is incorrect and his inability to ascertain the amount necessary to be paid or tendered, and ask the court to aid him in ascertaining that amount, offering to pay the same when ascertained. Francis v. White, 160 Ala. 523, 49 South. 334. We find nothing to the contrary in Johnson v. Davis, supra. These conclusions as to the effect of the statute sustain the equity of the bill in this cause. Sections 5750 and 5751, also new to the Code of 1907, are not considered to have operation in this cause, for they prescribe the essentials of a bill to redeem and to require the execution of title in a case where the purchaser or his vendee fails or refuses to make title after payment or tender of payment of the amount actually due or shown by the statement furnished, if that is accepted as correct.

[2] Appellant, defendant, refers to sections 5757 and 5758 of the Code, which require that any person offering to redeem must pay to the person in possession the value of all permanent improvements made by him after he acquired title and provide for a compulsory arbitration in the event the parties do not agree upon the value of the improvements, and provide a penalty on either hand. These sections long antedate those sections heretofore mentioned. There is a lack of correlation between the sections new and old; but this is clear, that section 5757 has relation to the value of permanent improvements only, whereas the sections herein before referred to deal with the subject of the debt between the original parties and all lawful charges, permanent improvements included. Its purpose was "to prevent litigation as to the value of the improvements, delaying redemption * * * until the value of the improvements may be ascertained and settled by litigation in the courts." Prichard v. Sweeney, 109 Ala. 651, 19 South. 730. But the statute prior to the introduction of the new element to be found in sections 5748, 5750, and 5751 did not authorize a partial redemption (Prichard v. Sweeney, supra), and no more, we think, does the statute of redemption—so to speak of the body of the Code sections relating to this subject—contemplate a redemption which would leave any part of the claim for lawful charges in abeyance, to become the subject of future litigation. Here all claims other than the debt are in dispute, and for reasons heretofore stated complainant is entitled to litigate the question of redemption as affected by those other claims of the defendant, whatever might be said as to the claim for permanent improvements, herein the case differing from Prichard v. Sweeney, in which the claim for improvements was the sole subject of difference between the parties. In other words, the statute never did contemplate a compulsory arbitration of the claim for permanent improvements unless such an arbitration will conclude the entire controversy. The reason for the statutory rule having failed, the purpose intended to be subserved by sections 5757 and 5758 having been rendered impossible of accomplishment, no field for their operation is left in the case presented by the bill in this cause, though it be conceded that these sections, since the enactment of sections 5748 and 5749 may in some cases have an appropriate office to perform.

We have not attempted to follow all the meanderings of the argument, but have said enough to dispose of the objections taken against the equity of the bill. Our conclusion is that the demurrer to the bill was properly overruled.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

## On Rehearing.

SAYRE, J. [3] Appellant contends that section 5751 requires the payment into court of debt, interest, and all other lawful charges as a condition to redemption in all cases, and that, if the amount of some charges cannot be ascertained, then the payment into court of such as can be ascertained. Heretofore we had hardly deemed it necessary to answer this argument. We read section 5751 to mean that, if a written statement of lawful charges has not been furnished, an offer to pay debt and all lawful charges made in the bill will suffice. This is precisely in line with section 5748, which provides that, in the event the written statement of lawful charges is not furnished, the party entitled to redeem may file his bill without a tender. The only question we could see was whether complainant was entitled to the benefit of the provisions just pointed out, and our consideration of that question was stated.

Section 5751 is new to the Code of 1907; therefore the decision in Long v. Slade, 121 Ala. 267, 26 South. 31, decided in 1898, is not authority as to the meaning of the section. Indeed, this section, as well as section 5748, was enacted to relieve against the strictness of prior decisions.

We are also referred now particularly to Lewis v. McBride, 176 Ala. 134, 57 South. 705. Our original opinion supra follows the law laid down in Francis v. White, 160 Ala. 523, 49 South. 334, where the fact that the redemptioner is unable by due diligence to ascertain the amount necessary to be paid or tendered gives him the right to go into equity without a tender, and upon a mere offer to pay in the bill, was recognized and distinctly stated; Francis v. White (the same case), 142 Ala. 590, 39 South. 174, being cited as meaning the same thing. It was there said:

"So in the bill to redeem under the statute the debtor must either a'ver a payment or a tender of *all the amounts* by the statute required, or to show a valid excuse for failure therein, before filing, such as nonresidency of purchaser, or *redemptioner's inability to ascertain the amounts necessary to be paid or tendered.*" (Italics supplied.)

Appellant cannot find in these cases, or in the amended statutes, any authority for the doctrine that the party coming to redeem must make a partial tender before filing his bill, or with his bill when filed, though he is unable to ascertain the total amount of lawful charges due; that he must offer to give up, or give up if need be, money, though he does not know that ultimately he will be allowed to redeem or on what terms he may be allowed to redeem. The law against partial redemptions was stated in Prichard v.

Sweeney, cited in the original opinion, and it could never have been reasonably conceived to be otherwise. Nor is there reasoned authority for the doctrine that nonresidence of the purchaser is the only excuse that will be deemed sufficient. For aught appearing in Lewis v. McBride, though it be assumed that the complaining redemptioner made his demand for a statement of the proper person —a matter of doubt which alone would have authorized a resort to equity—she may have been charged with exact information as to the amount necessary to redeem, viz. debt and interest charges. Here the case is quite different; for here several scores of items, other than debt and interest charges, were in dispute.

In Wittmeier v. Cranford, 199 Ala. 1, 73 South. 981, as a reading of the facts will show, nothing like a sufficient excuse was averred.

The question here at issue was not involved in Wootten v. Vaughn, 202 Ala. 684, 81 South. 660. However, some question of redemption was collaterally involved, and there was a statement of the general principles of redemption under the statute and quite a number of cases were cited; but nothing was said to the contrary of our conclusion in the case now at hand. Johnson v. Davis, 180 Ala. 143, 60 South. 799, to which we referred in our original opinion, goes further in support of the right to redeem than we have found it necessary to go in the present case.

We consider any further review of the cases to be useless, as many of them state propositions that no one will ever deny. We have seen no case which, upon critical examination, appears to support appellant's contentions.

Application overruled.

ANDERSON, C. J., and THOMAS and MILLER, JJ., concur.