(89 South. 240)

**HAMILTON v. CODY.    (3 Div. 495.)**

(Supreme Court of Alabama.    April 21, 1921. Rehearing Denied May 19, 1921.)

1. Mortgages ⬅591(1)—Conveyance to junior mortgagee from purchaser on foreclosure of mortgage given by purchaser at foreclosure of first mortgage is in effect a statutory redemption.

A deed from the holder of a title through foreclosure of a mortgage to secure the purchase money bid at foreclosure of the first mortgage against the land, which deed was given to an assignee of the second mortgage executed by the original mortgagor, is in effect a statutory redemption from the original foreclosure by the assignee, who was a junior mortgagee under Code 1907, § 5746.

2. Mortgages ⬅595—Statutory redemption operates upon title and is against holder of title.

Statutory redemption under Code 1907, § 5746, is founded on, its process is governed by, and it operates upon the title so that any statutory redemptioner from the foreclosure of

the first mortgage must have recourse to the holder of the title, regardless of intervening foreclosures by which the title was acquired.

**3. Mortgages ⬥⟿595—Purchaser at foreclosure of mortgage given by purchaser at foreclosure of first mortgage is vendee of purchaser under first mortgage.**

Where the purchaser at foreclosure of the first mortgage against the property gave a mortgage to secure the purchase money bid, which was subsequently foreclosed, the purchaser at the subsequent foreclosure sale was a vendee from the purchaser under the original mortgage against whom redemptioners from the sale under the original mortgage must proceed.

**4. Mortgages ⬥⟿594(5)—Purchaser at first foreclosure cannot redeem from junior mortgagee who in effect redeemed by purchasing title after foreclosure of original purchaser's mortgage.**

Where complainant, the purchaser, at foreclosure of the first mortgage against the land gave a mortgage to secure the purchase money, which was subsequently foreclosed by sale, and the assignee of a second mortgage in effect redeemed from the sale under the first mortgage by procuring a conveyance from the purchaser at the foreclosure of complainant's mortgage, complainant cannot redeem from such assignee on the theory that he was redeeming from the foreclosure of the mortgage given by him.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill by W. C. Hamilton against Michael Cody to effect a statutory redemption after mortgage foreclosure sale. From a decree denying the relief claimed, complainant appeals. Affirmed.

John R. Tyson, of Montgomery, and Arthur L. Brown, of Birmingham, for appellant.

Tender was not necessary, first, because his right of redemption was denied; and, second, because the statement rendered was grossly unjust. 180 Ala. 143, 60 South. 799; 187 Ala. 181, 65 South. 364; 202 Ala. 128, 79 South. 594; Slaughter v. Webb, in MSS. Hamilton was the person from whom redemption should have been sought. Section 5746, Code 1907, and authorities there cited; 191 Ala. 104, 67 South. 668; 89 Cyc. 1174–1180.

Rushton & Crenshaw and Ball & Beckwith, all of Montgomery, for appellee.

Counsel discuss the authorities cited by appellant, and assert that therefrom appellant had the wrong theory of the case. As to Cody's right to redeem, at the time he did redeem, they cite the following: 191 Ala. 104, 67 South. 668; 69 Ala. 127; 34 Ala. 126; 202 Ala. 442, 80 South. 827; 151 Ala. 256, 44 South. 203. Under these authorities, it must be held that the court's opinion was correct.

McCLELLAN, J. Bill to effect statutory redemption (Code, § 5746 et seq.), filed by appellant against appellee. From a decree on the merits denying such redemption, the complainant appeals. An accurate statement of the facts will foreshadow the unavoidable reesult on appeal.

In 1915 the Tri-States Realty Company was the owner of the real estate in question. On November 25, 1915, the Tri-States Realty Company executed to the Selma Trust & Savings Bank its first mortgage on this property to secure an indebtedness of $10,000. This first mortgage was transferred and assigned to Mrs. Gertrude Jones, who, because of the mortgagor's default, foreclosed it on May 12, 1917, under the power of sale therein provided. At this foreclosure sale W. C. Hamilton (complainant-appellant) became the purchaser at the bid sum of $11,086.48. On May 15, 1917, Hamilton, the purchaser, received from Mrs. Jones a foreclosure deed to the properties in question, this instrument being filed for record May 18, 1917. On that date (May 18, 1917) a mortgage on these properties from Hamilton to Mrs. Jones to secure $9,500 was filed for record, the recited date of this mortgage being May 12, 1917, but not acknowledged until May 17, 1917. Upon default by Hamilton (mortgagor to Mrs. Jones), this mortgage was foreclosed under the power of sale; and Mabry Securities Company became the purchaser at that foreclosure sale, the consideration in the foreclosure deed from Mrs. Jones (mortgagee) to Mabry Securities Company being recited as $11,191.06.

In the brief filed here for appellant this is the avowal: "It is from this foreclosure that redemption is sought."

Now as to Cody's (defendant-appellee's) relation and status in the premises, the bill's theory and object being to redeem from Cody:

[1] On February 4, 1916, the Tri-States Realty Company executed to J. C. Crowson its mortgage on this land (subordinate to the before mentioned mortgage to the Selma Trust & Savings Bank) to secure an indebtedness to Crowson; and on March 8, 1916, this mortgage was transferred and assigned to Cody, the defendant-appellee in this cause. See Allison v. Cody, present term, 89 South. 238.[1] On April 1, 1919, Cody recorded a deed from the Mabry Securities Company describing the lands here sought to be redeemed under the statute. That the design and effect of this transaction between Cody and the Mabry Securities Company—the then repository of the title to the land, the subject-matter—was a statutory redemption (Code, § 5746) from the foreclosure under the first mortgage, referable to and exercised by Cody as the transferee of the Crowson sec-

ond prior mortgage, which assignment constituted Cody a "junior mortgagee" within the purview of the statute (Code, § 5746), is a conclusion not at all doubtful under this record.

[2] Statutory redemption is founded on, its process is governed by, and operates upon the title, directing the act of redemption under the statute to the divestment of the title out of the possessor thereof and the investment of it in the statutory redemptioner, upon his compliance with the requisites to effect the statutory purpose. Morrison v. Formby, 191 Ala. 104, 107, 67 South. 668. The Mabry Securities Company had become the repository of the title to these lands, subject alone, as far as the foreclosure of the first mortgage from the Tri-States Company to the Bank was concerned, to the right (privilege) of redemption defined by the statute (Code, § 5746 et seq). Jackson v. Tribble, 156 Ala. 480, 489, 490, 47 South. 310; Lehman, Durr & Co. v. Shook, 69 Ala. 486, 491, 492; 10 Mich. Ala. Dig. pp. 194, 195; Allison v. Cody, supra.

[3] To the Mabry Securities Company must any statutory redemptioner from the foreclosure of the first mortgage executed by the Tri-States Realty Company to the Bank have had recourse in the premises. The Mabry Securities Company was a vendee, within Code, § 5746, of Hamilton, who was the purchaser at the foreclosure sale under the first mortgage, executed by the Tri-States Realty Company to the bank. The Securities Company was none the less a vendee, within the statute, though its investment with the title (subject to the statutory privilege of redemption created by the foreclosure of such first mortgage on May 12, 1917) resulted, through orderly processes, from the mortgage executed to Mrs. Jones by the purchaser (Hamilton) at the foreclosure sale (on May 12, 1917). That foreclosure created the statutory right (privilege) of redemption, which persisted for the statutory period of two years from May 12, 1917, and with it Cody (junior mortgagee by assignment from Crowson) was invested at the time (within two years) Cody effected redemption from the Securities Company on April 1, 1919.

[4] Hamilton, the purchaser at the foreclosure sale on May 12, 1917, was without power or authority to embarrass, qualify, or defeat, by any act of his, the statutory right of redemption with which Cody became invested by the foreclosure sale on May 12, 1917. He might transmit the title to another or others, and thus define the party from whom redemption should be made, but he (Hamilton, the purchaser) could not effect the statutory right of redemption in any way or degree. Hamilton himself was not of any class enumerated in the redemption statutes. His relation to that foreclosure of the first mortgage (on May 12, 1917) was as a purchaser only; and such a purchaser is not a beneficiary of the statutory privilege. Such a purchaser may constitute a vendee from whom statutory redemption may be effected by one of the classes defined in Code, § 5746; but he cannot convert himself into a member of a class with a member of which Code, § 5746, invests the statutory right (privilege) of redemption.

The contention otherwise for appellant results from confusing the statutory right of redemption created by the foreclosure (on December 15, 1917) of the mortgage executed by Hamilton to Mrs. Jones. The existence of that statutory right did not, of course, qualify or impair the statutory right of redemption Cody actually exercised on April 1, 1919, to redeem from the foreclosure of the first mortgage accomplished on May 12, 1917. The above-quoted avowal from the brief for appellant is distinct manifestation of the stated confusion in the premises, a confusion that, if sanctioned, would lead to unsound results as well as an erroneous application of the statutory system of redemption.

The case of Toney v. Chenault, 204 Ala. 329, 85 South. 742, is not applicable to the particular, determinative question here presented.

The case of Threefoot Bros. & Co. v. Hillman, 130 Ala. 244, 30 South. 513, 89 Am. St. Rep. 39, is without bearing upon this cause. It was not there held that the statutory right (privilege) of redemption by a junior mortgagee from foreclosure of the senior mortgage was concluded or impaired by the execution of a mortgage by the purchaser to secure the purchase money bid at the foreclosure sale of the senior mortgage. Indeed, in the opinion (130 Ala. 254, 30 South. 513, 89 Am. St. Rep. 39) it was pronounced that that complainant made no contention that the bill possessed equity as a bill to enforce statutory redemption. Furthermore, apart from that bill's unsustained charge of fraud with respect to the foreclosure there described, it appears that the foreclosure sale at which Mrs. Hillman purchased was of the mortgage executed to Maxwell, Peale & Allen by the Hillmans. These mortgagees (Maxwell and others) had, prior to this foreclosure, waived the priority of their mortgage in favor of the subsequent mortgages to the British-American Mortgage Company. This fact accounts for the statements in the last paragraph of the opinion (130 Ala. 255, 256, 30 South. 513, 89 Am. St. Rep. 39) whereby the court affirmed the subordination of Mrs. Hillman's rights (as purchaser at that foreclosure sale) to the thus constituted senior mortgage of the British-American Mortgage Company, and declared that both Mrs. Hillman and complainants (appellants) possessed the equity of redemption (not statutory right) as against the British-American Mortgage Company to redeem or pay off the

senior mortgage of the British-American Mortgage Company then unforeclosed, but concluding against the exercise of that right, in virtue of the equity of redemption, until the maturity of "that debt"—what debt is not clear. The last sentence in that opinion (130 Ala. 256, 30 South. 513, 89 Am. St. Rep. 39) concerned priorities, not the exercise of the statutory right of redemption. The case is complex and involved; but the headnoting in 89 Am. St. Rep. 39, of the subject of the fourth headnote in 130 Ala. 244, is more satisfactory, if not more accurate, than is our report.

The decree denying relief (redemption under the statute) to complainant was well rendered. It is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.