(111 So. 229)

## CUMMINGS v. VANN et al. (4 Div. 271.)

(Supreme Court of Alabama. Jan. 20, 1927.)

**1. Mortgages ⬅603—Bill based on dispute as to value of purchaser's improvements will not lie by redemptioner not complying with law requiring arbitration (Code 1923, §§ 10144, 10153, 10154).**

Bill in equity, based on dispute as to value of permanent improvements constructed by purchaser at mortgage sale, will not lie on behalf of proposed redemptioner, who has failed to comply with Code 1923, §§ 10144, 10153, 10154, relative to arbitration, since such remedy by arbitration is exclusive, and on failure to comply with law he must pay value put on improvements by holder of title.

**2. Mortgages ⬅605—Proposed redemptioner, may, in good faith controverting charges included in purchaser's statement, file bill to settle whole controversy.**

If alleged lawful charges, which are controverted in good faith by redemptioner, are included in statement by purchaser of land at foreclosure sale, so that redemptioner cannot reasonably ascertain amount he should tender, a bill in equity may be filed to settle whole controversy.

**3. Equity ⬅388—Bill, though not questioned by demurrer or answer, should be dismissed, where pleading and proof make no case for equitable relief.**

Where pleading and proof make no case for equitable relief, bill should be dismissed, although equity of bill was not questioned by demurrer or answer.

Appeal from Circuit Court, Henry County; H. A. Pearce, Judge.

Bill in equity by Abb Cummings against S. R. Vann and others. From a decree dismissing the bill, complainant appeals. Affirmed.

The bill alleges that Harriet Cummings, the mother of complainant, prior to her death, owned the lands involved, and executed a mortgage thereon to one Lindsey; that default was made in payment of the debt, and said Lindsey foreclosed said mortgage, respondent Vann becoming the purchaser of the land at foreclosure sale. It is further shown that complainant and the respondents, other than Vann, survived said Harriet Cummings as her only children and heirs at law. It is alleged that complainant made written demand upon Vann for a statement of the debt and all lawful charges claimed by him, necessary for complainant to redeem from foreclosure sale; that Vann furnished complainant a statement of the amount necessary to redeem, showing, in detail, the amount paid by him for the land, an item of taxes, one of interest, and six items of improvements made on the land. It is alleged that the improvements shown by the statement were not made, and that, if made, the reasonable value thereof was not that shown by the statement, and the item of taxes is not a proper or lawful charge.

The prayer is that the foreclosure sale be set aside, and complainant be permitted to exercise the equity of redemption by paying to Vann the amount due on the mortgage debt, or that complainant be permitted to exercise the statutory right of redemption by payment of such amount as may be ascertained by the court. Other phases of the bill are directed toward a sale of the lands, after redemption, for division between the complainant and the other heirs of Harriet Cummings.

Respondent Vann demurred to the bill, the fifth ground thereof taking the point that the bill showed a disagreement as to the lawful charges claimed against the land, but that the bill fails to allege that complainant named or offered to name a referee, as required by law, or that respondent failed or refused to name a referee.

T. M. Espy and Farmer, Merrill & Farmer, all of Dothan, for appellant.

The answer of defendant does not rely on the statute requiring arbitration as a defense,

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and the court erred in dismissing the bill on that ground. 16 Cyc. 297, 308; Smith v. McAdams, 207 Ala. 118, 92 So. 411; Jones v. Peebles, 130 Ala. 269, 30 So. 564; Clark v. Johnson, 155 Ala. 648, 47 So. 82; Winkles v. Powell, 173 Ala. 46, 55 So. 536; Magwire v. Tyler, 25 Mo. 484.

D. C. Halstead, of Headland, for appellees.

Brief of counsel did not reach the Reporter.

BOULDIN, J. When a statement in writing of the debt and lawful charges claimed by the purchaser at foreclosure sale of lands, or his vendee, is furnished to a proposed redemptioner, pursuant to Code, § 10144, showing a claim for permanent improvements on the property, and the proposed redemptioner fails or refuses to appoint a referee and give notice of his disagreement to the claim and the name of his referee, pursuant to Code, § 10153, he must pay the value put upon the improvements by the holder of the title subject to redemption. Code, § 10154.

[1] A compulsory arbitration is provided, subject to penalties on both sides; a statutory tribunal for the settlement of that issue is created, to the end that it may be speedily settled and the courts relieved of litigation thereon. This remedy by arbitration is exclusive. A bill in equity based upon a dispute as to value of permanent improvements will not lie on behalf of a proposed redemptioner, who has not complied with the statute as to arbitration. The law has fixed and declared the amount he must tender and pay in such event. Prichard v. Sweeney, 109 Ala. 651, 19 So. 730; Smith v. Jack, 209 Ala. 520, 96 So. 419.

[2] A bill is authorized when the other party is in default in furnishing the statement, in failing to enter into the arbitration, or upon the failure of the arbitrators to make an award without fault on the part of the redemptioner. If other alleged lawful charges, which are controverted in good faith, are included in the statement, so that the redemptioner cannot reasonably ascertain the amount he should tender for redemption, a bill may be filed to settle the whole controversy. The party will not be required to arbitrate the question of improvements, and still have to litigate other charges claimed before he can redeem. Slaughter v. Webb, 205 Ala. 334, 87 So. 854. Without dispute, the complainant wholly failed to comply with the requirement as to arbitration, and the substantial controversy presented by his bill was to determine the value of improvements. No tender was made.

[3] Appellant makes the point that the defense of failure to comply with the arbitration statutes was not raised by demurrer nor by answer, and that the court erred in holding the complainant not entitled to relief, and dismissing the bill upon that ground. Passing over assignment of demurrer No. 5 to the amended bill, which was overruled by the court, the rule is that, where pleading and proof make no case for equitable relief, the bill should be dismissed, although the equity of the bill was not questioned by demurrer or answer.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.