(114 So. 198)

**DORROUGH v. BARNETT. (6 Div. 644.)**

Supreme Court of Alabama. Oct. 20, 1927.

1. **Mortgages** ⬤➟369(6)—**Ratification of mortgage foreclosure sale rests on conduct or declarations evincing intent to approve sale after knowledge of facts.**

Ratification of mortgage foreclosure sale rests on conduct, declarations, or both, evincing intent to approve and accept what has been done, after knowledge of facts, and to waive irregularities.

2. **Mortgages** ⬤➟369(6) — **"Ratification" of mortgage foreclosure sale may arise by estoppel from acts leading another reasonably to change his position for worse.**

"Ratification" of mortgage foreclosure sale may arise by way of estoppel from acts leading another, reasonably and in good faith, to change his position for the worse.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Ratification.]

3. **Mortgages** ⬤➟369(6)—**Ratification of mortgage foreclosure sale will not be inferred from statutory demand for statement of debt and charges (Code 1923, § 10144).**

Ratification of mortgage foreclosure sale will not be inferred from making demand, under Code 1923, § 10144, for statement of debt and lawful charges claimed by purchaser; mortgagor being entitled to file his bill in alternative, and take needed steps to perfect his statutory right of redemption, without prejudice to his right to avoid sale, if sufficient ground appears.

4. **Mortgages** ⬤➟602—**Mortgage foreclosure purchaser cannot demand payment for supplies furnished tenant in making crop, nor claim interest in growing crop, as against redemptioner (Code 1923, § 10145, subd. 6).**

Mortgage foreclosure purchaser cannot demand payment for supplies furnished to tenant in making crop, nor claim interest in growing crops, as against redemptioner, in view of Code 1923, § 10145, subd. 6, requiring purchaser to pay reasonable rent for proportion of year, to which redemptioner is entitled.

5. **Mortgages** ⬤➟605—**When statement of charges includes exaggerated or illegal demands, or is so questionable that redemptioner cannot reasonably ascertain amount due, no tender need be made (Code 1923, §§ 10144, 10145).**

When mortgage foreclosure purchaser's statement of charges, under Code 1923, § 10144, includes exaggerated or illegal demands, or is so questionable that redemptioner in good faith cannot reasonably ascertain amount he should tender, no tender need be made, under section 10145, before filing bill to redeem.

6. **Mortgages** ⬤➟603—**When statement of charges includes exaggerated, illegal, or questionable demands, redemptioner need not name referee, but court of equity will settle whole controversy (Code 1923, § 10153).**

When mortgage foreclosure purchaser's statement includes charges in dispute as exaggerated, illegal, or so questionable that redemptioner cannot reasonably ascertain amount he should tender, no duty rests on redemptioner to name a referee under arbitration statute (Code 1923, § 10153) as to permanent improvements, but court of equity will settle whole controversy.

7. **Mortgages** ⬤➟605—**Redemption includes payment to mortgage foreclosure purchaser's mortgagee as purchaser's vendee (Code 1923, § 10145, subd. 5).**

Mortgage foreclosure purchaser's mortgagee is deemed a vendee of purchaser, and redemption must include payment to mortgagee, not to purchaser, under Code 1923, § 10145, subd. 5.

8. **Mortgages** ⬤➟605—**Respondent's nonresidence justifies failure to make tender before redemption from mortgage foreclosure sale (Code 1923, § 10145).**

Nonresidence of respondent is good ground for failure to make tender, under Code 1923, § 10145, before redemption from mortgage foreclosure sale.

---

⬤➟For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**9. Mortgages ⬤⟶605—When respondent's nonresidence is sole ground of resort to equity to redeem from mortgage foreclosure sale, money ordinarily must be brought into court (Code 1923, § 10145).**

When nonresidence of respondent is sole ground of resort to equity for redemption from mortgage foreclosure sale, money required to be paid must be brought into, and tendered through, court, under Code 1923, § 10145.

**10. Mortgages ⬤⟶605—Tender of admitted or readily ascertained portions of amount required to redeem from mortgage foreclosure sale is unnecessary, if other charges are disputed (Code 1923, §§ 10144, 10145).**

Tender or payment into court of admitted or readily ascertained portions of amount required to redeem from mortgage foreclosure sale is not required by Code 1923, § 10145, if other charges in respondent's statement under section 10144 are in dispute, and must be determined in equity before redemptioner can know full terms on which he must redeem.

**11. Mortgages ⬤⟶605—Redemptioner need not tender money payable to two persons, against one of whom ground for equitable relief arises, but may file bill making them respondents and offering to pay money when ascertained.**

Where payment of money to redeem from mortgage foreclosure sale must be made partly to one person and partly to another, and ground for equitable relief arises as against one, redemptioner need not tender or pay into court amount due but may file bill to redeem, making such persons respondents, and offering to pay redemption money when ascertained according to court's decree.

Appeal from Circuit Court, Cullman County; O. Kyle, Judge.

Bill for redemption by J. J. Barnett against Charles W. Dorrough and others. From a decree overruling a demurrer to the bill, the named respondent appeals. Affirmed.

F. E. St. John, of Cullman, for appellant.

A condition precedent to the right to redeem is the payment into court of the amount of the purchase money, interest, and all lawful charges. Code 1923, § 10153. The statute furnishes the proceedings to be followed in case of a disagreement as to the amount necessary to redeem, which complainant failed to follow. Code 1923, § 10153. If complainant offered to redeem from the sale, this would be a ratification of the sale, and he could not afterwards assert its invalidity.

Paine Denson, of Cullman, for appellee.

Where the purchaser, by his act, renders it so that the redemptioner cannot comply with the statute as to tender, the purchaser is estopped from complaining that tender was not made. Francis v. White, 142 Ala. 602, 39 So. 174; Johnson v. Williams, 212 Ala. 319, 102 So. 528. In view of the character of the statement furnished, tender was not essential. Francis v. White, supra; Cummings v. Vann, 215 Ala. 488, 111 So. 229; Johnson v. Davis, 180 Ala. 146, 60 So. 799; Slaughter v. Webb, 205 Ala. 336, 87 So. 854. The demand for a statement of lawful charges did not constitute a ratification of the sale. Dozier v. Farrior, 187 Ala. 181, 65 So. 364. The foreclosure sale was irregular. Barnard v. Duncan, 38 Mo. 170, 90 Am. Dec. 416.

BOULDIN, J. The bill is by the mortgagor of real estate for redemption. As amended, it seeks relief in the alternative: First, to avoid a foreclosure sale under the power, and redeem as owner of the equity of redemption; second, to exercise the statutory right of redemption by aid of a bill in equity. The appeal is from a decree overruling demurrers to the amended bill.

Under the first aspect the bill avers, in substance: The assignee of the mortgage, after default, and after 30 days' published notice as required, sold the property at public auction. The respondent, C. W. Dorrough, became the purchaser at $2,505; another bidder having offered $2,500. After the sale, Dorrough failed to complete his purchase by paying the money, and thereupon the agent of Mrs. Young, the owner of the mortgage, merely had the original notice published for another week with the following notation: "This sale is continued one week Monday, February 25, 1924, Eliza Young, mortgagee." On the day named no bidder was present except Dorrough, who purchased the property for $2,225. The sum of $225 was paid, and a mortgage given Mrs. Young for the balance of $2,000 who thereupon executed a foreclosure deed.

The second sale is attacked on the ground that, a sale having been made at auction under the published notice, it becomes functus officio, and a resale under the power required notice for the full time that complainant was deprived of competitive bidding and suffered a loss of $280 by a noncompliance with the first bid, and buying at the lower price later.

The demurrer does not question the sufficiency of these averments as ground to avoid the sale, and that question is not presented in brief for appellant. It is not here considered. The only question raised on this feature of the bill is that, by a subsequent demand for a statement of the debt and lawful charges claimed by respondent, under Code, § 10144, as for statutory redemption, the mortgagor ratified the mortgage sale, and can now assert only the statutory right of redemption.

[1-3] Ratification rests upon conduct or declarations, or both, evincing an intent to approve and accept what has been done after knowledge of the facts, an intent to waive irregularities. The same result may arise by

way of estoppel from acts leading another reasonably and in good faith to change his position for the worse. Ratification will not be inferred from making the statutory demand in cases of this sort. The mortgagor is entitled to file his bill in the alternative, and to that end may take the needed step to perfect his statutory right of redemption without prejudice to his right to avoid the sale in case sufficient ground appears. Dozier v. Farrior, 187 Ala. 181, 187, 65 So. 364.

Turning to the other aspect of the bill, statutory redemption, the point is made that it is insufficient for failure to aver a tender pursuant to Code, § 10145, or to show a sufficient reason for failure to make tender.

It appears that, pursuant to written demand, respondent, Dorrough, furnished to complainant a statement in writing purporting to show the amount of debt and lawful charges claimed upon redemption. It is averred this statement was exaggerated, exorbitant, and unreasonable, and the statement is made exhibit to the bill.

The property was sold February 25, 1924, and the statement was rendered as of August 12, 1924. We copy the following summary from this statement:

Improvements and cost of farm as itemized on sheets 1 and 2 attached hereto.......... $2,663 50
Total expenses of provisions to G. C. Harper in making this crop as explained and itemized on statement attached hereto.... 372 71
Total amount of estimate of value of farm products as explained on sheet attached hereto ...................................... 1,032 50

Total amount due C. W. Dorrough by J. J. Barnett on redemption of farm............ $4,068 71
10 per cent. interest to be added according to law allowed to above amount.

Then follows three itemized lists of charges under these headings.

The first list, besides the price bid for the lands at the sale, and taxes paid, included a long list of items. We will not anticipate by now defining which, if any, of such items may be classed as permanent improvements within the meaning of the redemption statutes.

[4] The second list for supplies furnished by the purchaser to his tenant in making a crop, aggregate $372.71, has no place in the demand of the purchaser against the redemptioner. "The purchaser or his vendee and his tenants shall have the right to harvest and gather the crops grown by them on the place for the year in which the redemption is made, but must pay a reasonable rent for the lands for the proportion of the current year to which such redemptioner may be entitled." Code, § 10145, subd. 6.

The third list, aggregating $1,032.50 claimed for one-half interest in the growing crops of cotton, corn, peanuts, and soy beans on 26 acres of land, is subject to the same objection. The redemptioner does not take and pay for the growing or ungathered crop, or any interest therein, but the purchaser and his tenant in possession gather and retain them, paying the redemptioner his pro rata as per above-quoted statute.

[5] When the statement of lawful charges claimed includes exaggerated or illegal demands, or if so questionable that the redemptioner, acting in good faith, cannot reasonably ascertain the amount he should tender for redemption, no tender need be made before filing a bill to redeem. Johnson v. Davis, 180 Ala. 143, 60 So. 799; Francis v. White, 142 Ala. 590, 39 So. 174; Johnson v. Williams, 212 Ala. 319, 102 So. 527.

[6] When other charges are thus in dispute, no duty rests upon the redemptioner to name a referee under the arbitration statute as to permanent improvement. Code, § 10153. A court of equity will settle the whole controversy. Cummings v. Vann, 215 Ala. 488, 111 So. 229; Slaughter v. Webb, 205 Ala. 334, 87 So. 854.

[7] It appears the respondent, Mrs. Young, a mortgagee of the purchaser, is a nonresident. Such mortgagee is deemed a vendee of the purchaser, and redemption must include payment of the mortgage to the mortgagee, not to the purchaser. Code, § 10145, subd. 5.

[8-11] Nonresidence is good ground for failure to make tender in advance. Ordinarily, when this is the sole ground of resort to equity, the money must be brought into court and tendered through the court. Beatty v. Brown, 101 Ala. 695, 14 So. 368. But it is now settled that tender or payment into court of admitted or readily ascertained portions of the full amount required to redeem is not required, if other charges are in dispute, and must be determined in equity before the redemptioner can know the full terms upon which he must redeem the property. Slaughter v. Webb, 205 Ala. 334, 87 So. 854. It would seem a just rule, in cases where payment of redemption money must be made in part to one person and in part to another, and ground for equitable relief arises as against one, the redemptioner need go no further, but may file his bill making all such persons respondents, and offering to pay the redemption money when ascertained, and according to the decree of the court.

The court has full power to protect all parties in the matter of costs.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.