176 So. 201

**BOOTH et al. v. MASON.**

**8 Div. 791.**

Supreme Court of Alabama.

June 17, 1937.

Rehearing Denied Oct. 14, 1937.

Julian Harris and Norman W. Harris, both of Decatur, for appellants.

J. G. Rankin, of Athens, for appellee.

FOSTER, Justice.

The bill in this suit is to declare a resulting trust in land, in the nature of a mortgage.

Complainant owned the land to start with, and gave a mortgage on it, which matured and he was unable to pay it. The mortgagee proposed to him that, if he could get some one to purchase the land at foreclosure sale for $5,000, he would release the balance of the debt. The bill alleges that he and Vaughn agreed that Vaughn would purchase the land for that amount, and have deed made to complainant, who would make a mortgage to Vaughn to secure the debt and agreed that he would pay Vaughn that sum, at a stipulated time, with interest at 8 per cent.

The bill then alleges that at the sale Vaughn became the purchaser at the sum of $5,000, but had the foreclosure deed made to his grandson Van Gilbert, who had knowledge or notice of the contract between Vaughn and complainant. It also alleges that the legal title did not pass at the foreclosure sale to Van Gilbert. It alleges that complainant contracted to pay the money at a stipulated time, on which Vaughn could maintain an action for debt at law.

We have numerous cases which uphold the equity of a bill seeking to establish a resulting trust with the equitable right of redemption as from a mortgage. Lehman v. Lewis, 62 Ala. 129; Bates v. Kelly, 80 Ala. 142; Hodges v. Verner, 100 Ala. 612, 13 So. 679; Milner v. Stanford, 102 Ala. 277, 14 So. 644; Moss v. Winston, 218 Ala. 364, 118 So. 739; Pollak v. Millsap, 219 Ala. 273, 122 So. 16, 65 A.L.R. 110; Rudulph v. Burgin, 219 Ala. 461, 122 So. 432; O'Rear v. O'Rear, 219 Ala. 419, 122 So. 645; O'Rear v. O'Rear, 220 Ala. 85, 123 So. 895.

The bill makes Vaughn and Van Gilbert parties. It is also claimed that the bill does not sufficiently allege notice to Van Gilbert of complainant's equitable claim. It alleges that he had knowledge or notice of it. That has been held to be a sufficient averment. Blanks v. Atkins, 217 Ala. 596(6), 117 So. 193. Such averment is different from one that he "was charged with notice" as held in Bank of Luverne v. Birmingham Fertilizer Co., 143 Ala. 153, 39 So. 126.

Moreover, ordinarily, the burden is on one claiming to be a bona fide purchaser to allege that he paid value, but if the bill shows that he did, or should be so construed, the complainant must allege that the purchaser had notice. Patton v. Darden, 227 Ala. 129(11), 148 So. 806.

The bill here does not show that Van Gilbert paid value, but the implication of it is to the contrary. And in respect to Van Gilbert, it is not material whether he acquired the claim of Vaughn against complainant or not. The rights of complainant became established when he borrowed the $5,000 from Vaughn, as he alleges, and it was paid for him in the purchase of the land at foreclosure. His lien or equity of redemption thus acquired could not be cut off by a sale to Van Gilbert, unless he was a purchaser of the legal title by warranty deed without notice of complainant's equities. Marsh v. Elba Bank & Trust Co., 221 Ala. 683, 130 So. 323; Mallory v. Agee, 226 Ala. 596, 147 So. 881, 88 A.L. R. 1107. The bill alleges that he had notice and therefore forestalls such claim of right by Van Gilbert. It is immaterial to complainant's rights in this aspect whether the money, when paid, shall go to Van Gilbert or Vaughn, or whether the right of action in debt belongs to one or the other. They are both parties to the suit.

The bill also seeks relief by way of statutory redemption in event it be found that he is not entitled to the relief which we have discussed—the equity of redemption as a right in trust.

The demurrer is also addressed to that aspect of the bill. Only one contention is made in respect to it, as embraced in grounds 66½ and 66¾ of the demurrer of Van Gilbert, separately assigned for error in this court. It is that the bill does not allege that complainant surrendered possession of the land to him on demand, and does not allege that no such demand was made. The bill does not contain those averments. The demurrer to that aspect on that ground should have been sustained. Hart v. Jackson St. Baptist Church, 224 Ala. 64, 139 So. 88; Moseley v. Ritter, 226 Ala. 673, 148 So. 139, and cases there cited; section 10143, Code.

It is also urged that the bill as last amended did not contain a footnote, as required by rule 12, Chancery Practice (Code 1923, vol. 4, p. 911). True, we have held that the absence of a footnote as a defect is available by demurrer, Waites v. First National Bank, 227 Ala. 684(4), 151 So. 847; Snellings v. Builders' Supply Co., 228 Ala. 47 (6), 152 So. 459, and that if there is a footnote, and the bill is amended by adding a paragraph, without a footnote requiring that amendment to be answered, a demurrer is appropriate. Snellings v. Builders' Supply Co., supra.

In the instant suit there was a footnote, not to the original bill, but to an amendment made before the last one which we are now considering. That footnote required answer to all paragraphs numbered 1 to 7, inclusive. The last amendment as to which demurrers were overruled, made additional averments to paragraphs 3 and 7 of the original bill. The footnote theretofore attached required answer to paragraphs 3 and 7, and that requirement applied to those paragraphs as later amended. We do not think the bill as so amended was therefore subject to demurrer on that ground.

The result is that there was, in our opinion, error in overruling the demurrer to that aspect of the bill which sought a statutory redemption on the ground that it did not allege a surrender of possession of the land in ten days after written demand, nor an excuse for not doing so as required by section 10143, Code. To that extent the decree is reversed, but affirmed in other respects.

Affirmed in part; and reversed in part, and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

## On Rehearing.

FOSTER, Justice.

We cannot agree with counsel for appellant that the debt was not created from Mason to Vaughn when the latter bid in the property at foreclosure sale and paid the $5,000 as he had agreed to do, because he did not comply with the balance of the agreement; that is, to have the deed made to Mason and take a mortgage from him. When he bid in the property and paid the $5,000, which he had agreed to lend Mason, the debt then came into being, and his fail-

ure to comply with the balance of his contract gives rise to this equitable right in Mason, but did not prevent the transaction from being a consummation of the loan.

Application overruled.