197 So. 892

**GODFREY et al. v. BLACK.**

**7 Div. 619.**

Supreme Court of Alabama.

June 20, 1940.

Rehearing Denied Oct. 10, 1940.

Irby A. Keener, of Centre, for appellee.

Reed & Reed, of Centre, for appellants.

FOSTER, Justice.

This is a suit in which appellee seeks and was granted the statutory right of redemption of land contained in a deed of trust. The land was bought in at the sale by an officer of the bank, who is alleged to have immediately conveyed it to the bank. The bank sold it to Rogers-Horton Company, and it in turn sold it to Mrs. Godfrey.

The bill does not allege that any amount of money is brought into court under section 10147, Code. It alleges facts thought to be sufficient to relieve complainant of this duty. They are here tested by demurrer.

Complainant claims the right to redeem from two sources. If either is sufficient the right exists, though the other may or may not be sufficient. He first claims under a conveyance by the mortgagor made after the foreclosure, which is sufficient under section 10140, Code, if the mortgagor was then in position to make such grant. Being apparently doubtful of the existence of his right from that source, he became the transferee of a junior deed of trust. Although he was not a junior mortgagee at the time of the foreclosure, when the status of the persons under section 10140, Code, is primarily fixed, he

became an "assignee of the * * * statutory right of redemption," by becoming as assignee of a junior mortgagee who had such right under the statute. See Hamilton v. Cody, 206 Ala. 102, 89 So. 240. There is no question here of priority of right under section 10141, Code.

After complainant obtained a conveyance from Vandiver, the mortgagor, he made demand of Mrs. Godfrey under section 10144, Code, for a statement of the debt and lawful charges. She responded showing three items aggregating $377, and a fourth of $183.07—"Paid J. A. Vandiver by Rogers-Horton Co. for his statutory right of redemption." The bill alleges that "said demand was illegal, void and not a lawful charge as contemplated by the statute," and that he tendered to her $377, which she refused to accept. That the statement was exaggerated and illegal, and that he cannot reasonably ascertain the amount he should tender.

After he is alleged to have acquired the second mortgage, he made another demand for a statement under the statute, to which she promptly responded with one. It was the same as the other only one item (three) was changed from $25 to $50, and another added as follows: "Lien or encumbrance of judgment J. L. Brannon and Company paid or owned by the undersigned against J. A. Vandiver $200.00."

■ The rule is recognized in all our cases that when some of the items in the statement furnished are so exaggerated or illegal or disputed in fact as that the true amount cannot reasonably be ascertained, a tender with a bringing into court are not necessary. The refusal of a tender does not of itself relieve complainant of the necessity of bringing it into court, nor does a denial of the right to redeem. See Kelly v. Carmichael, 217 Ala. 534 (17), 117 So. 67. The statute relieves the complainant of that duty only when he does not know the amount that is due and the purchaser has failed after due demand to furnish him with an itemized statement as required by section 10144, Code (Lacy v. Fowler, 206 Ala. 679, 91 So. 593; section 10147, Code), or when the statement is so exaggerated, illegal or disputed as that he cannot know the true and correct amount to be paid. Cummings v. Vann, 215 Ala. 488, 111 So. 229; Slaughter v. Webb, 205 Ala. 334, 87 So. 854; Dorrough v. Barnett, 216 Ala. 599, 114 So. 198.

■ When complainant contends that the value of the permanent improvements is exaggerated, as furnished on demand, and that is the only item of substantial dispute shown, the complainant is relieved of the duty of bringing into court the amount so included only when he has complied with sections 10153 and 10154, Code. Cummings v. Vann, supra.

■ If the objectionable item is for permanent improvements, and the amount of their value only is in dispute, those sections of the Code are applicable. But if as to it or as to other items, the question raised is as to its legality, there should be more alleged in the bill than that it is illegal, if under any state of facts, not conflicting with what is alleged, it may be legal, or if its illegality is not otherwise apparent upon the face of the bill. If it is contended that the amount of the charge is exaggerated, there should be a statement of such facts as will show that it is so. A complainant cannot be relieved of the statutory duty by his mere assertion of a conclusion or opinion that a claim is illegal or exaggerated unless the facts alleged lead to that result. Ewing v. First National Bank of Montgomery, 227 Ala. 46, 148 So. 836, Id., 228 Ala. 307, 153 So. 243.

■ Item No. 3, supra, is for "clearing, reclaiming and preparing lands." The objection is not as to the value of so doing as a permanent improvement, so as to require a referee under section 10153, Code, but that preparing land is not a lawful charge. This court has observed that permanent improvements mentioned in section 10153, Code, means anything that enhances the value of the land, including such as restores the property after injury or decay, and so preserves it against the day of redemption, and includes repairs which are permanent, but not necessarily of an everlasting character, and includes every form of expenditure of labor or capital conforming to the general notion. The court was there dealing with repairs to a house including the roof and chimney and painting, plastering and screening. Smith v. Sulzby, 205 Ala. 301, 87 So. 823.

The idea of "preparing" the land is not disconnected from that of "clearing or reclaiming" in item 3, supra. In the absence of an allegation to the contrary, the item refers to one process of clear-

ing and reclaiming woods or waste land, and preparing it for use and cultivation. The allegations of the bill do not show that this was not a permanent improvement as thus defined. Restoring waste land is as much so as restoring a house wasted by decay.

We cannot agree with the contention of appellee that on the face of the bill, this item does not show a permanent improvement. Whether complainant is excused from bringing money into court, not having complied with section 10153, Code, depends upon whether other items in the statement are illegal or exaggerated, and whether the bill sufficiently so alleges within the rule of pleading to which we have referred.

■ The fourth item is as follows: "Paid J. A. Vandiver by Rogers-Horton Company for his statutory right of redemption $183.07." The allegation in the bill is that Vandiver never assigned his right of redemption to Rogers-Horton Company. This allegation is sufficient to show the non-existence of any such claim as a lawful charge. Thereupon, on. the principle we have mentioned, it is a sufficient excuse for not bringing money into court, and for overrruling the demurrer to the bill on that ground. It is not a permanent improvement, and not to that extent under section 10153, Code, calling for a reference. So that we need not consider the last item to which objection is made for the purpose of determining the necessity of paying money into court, on demurrer to the bill.

We may here observe that if complainant makes an allegation in a bill of facts sufficient to relieve him of this necessity, and such facts are denied in the answer and the proof fails to sustain them, the result would be a denial of relief to complainant, since he would not in that event have complied with the requirements of the statute. He cannot evade the statute by the assertion of facts not true. We will later explain that the allegation in the bill to this extent was sustained by the proof, and that instead of Vandiver assigning his right of redemption as set forth in this item, he made a new arrangement and created a new contractual status, in an exercise of that right.

We now will discuss other features of the contentions of appellant by which it is claimed that complainant does not possess the statutory right here asserted on which alone he rests his claim to the relief which was granted by the court.

It is contended in the answer that the foreclosure sale was voidable at the instance of Vandiver because at the foreclosure sale the bank bought in the property through an officer, which it had no right to do under the deed of trust because the bank was the beneficiary in the deed of trust, and it contained no clause authorizing either the trustee or beneficiary to purchase at the sale under the power. It then alleges that Vandiver had avoided the sale and induced Rogers-Horton Company to purchase the land from the bank. In the alternative, it is alleged that assuming the existence of the right of redemption when Rogers-Horton Company bought it from the bank, Vandiver procured this to be done, and thereby himself exercised the right, which is not again available.

The evidence is without serious conflict to the effect that Vandiver owed Rogers-Horton Company the amount of $138.59 principal, and went to them and they negotiated a transaction whereby Rogers-Horton Company was to pay the bank its claim, reduced, for a deed to them, and Vandiver would have time, not specified, to refund the amount to them together with the old debt, and redeem or repurchase the land from Rogers-Horton Company. Nothing was done about this for several months when Rogers-Horton Company had a chance to sell the land for enough to reimburse them including Vandiver's debt without interest. They made this sale to Mrs. Godfrey who owed them a balance of the purchase price of about $100 at the time of trial. Later Vandiver conveyed to Black, complainant, his right to redeem, and still later Black had assigned to himself the second deed of trust. He had notice of the relations of Vandiver with Rogers-Horton Company when he acquired such interests.

■ The principles of law having application have been often repeated, and we will restate them. When one who is entitled to exercise the statutory right of redemption negotiates with the foreclosure purchaser on the basis of the debt secured, and perhaps lawful charges, rather than on a basis of the market value of the land, and by such negotiation an agreement is reached by which the purchaser conveys the land to such redemption holder, though the deed has no recitals show-

·ing a purpose to redeem, it will be so treated, rather than a mere sale and conveyance of the land. Hamilton v. Cody, 206 Ala. 102, 89 So. 240; McAllister v. Catchings, 210 Ala. 392, 98 So. 303; Long v. King, 233 Ala. 379, 171 So. 738.

■ There can be no redemption by a stranger apart from other consideration. But when a stranger at the instance of a redemption holder, or the two in conjunction, negotiate with the foreclosure purchaser on the basis of a redemption, by which the stranger advances the money at the instance of the redemption holder and takes title in his own name, with agreement, though verbal, that the title is so taken to secure payment of the loan, the transaction is in equity an exercise of the statutory right of redemption by one having such right, but by which he becomes indebted to the stranger for the money so advanced, who holds the title to the land in trust as security. Such a· status is not within the statute of frauds, and creates a new equitable relation akin to a mortgage. O'Rear v. O'Rear, 219 Ala. 419, 122 So. 645; O'Rear v. O'Rear, 220 Ala. 85, 123 So. 895; Booth v. Mason, 234 Ala. 601, 176 So. 201.

This principle has equal application whether or not there was a valid foreclosure and whether or not there was an exercise of the statutory right or the equity of redemption. In either event it created a new status on the principle of a novation. We need not therefore consider the question of whether there was a statutory right or an equity which the parties were dealing with in the transaction with the foreclosure purchaser.

■ When the mortgagor debtor redeems, it ordinarily has the effect of freeing the land from the title of the mortgage, and it becomes at once vested in a junior mortgagee if there is such. Upchurch v. West, 234 Ala. 604 (10), 176 So. 186; 42 Corpus Juris section 2144, page 380, section 2204, page 451.

The junior mortgagee then becomes vested with such rights as the mortgagor thereby acquired, but no more. The right of the junior mortgagee is not that of redemption from him who had redeemed, but to have and hold under the mortgage the rights of the common mortgagor which he acquired by his redemption.

■ While the transaction here involved may have been an exercise of the right of redemption by Vandiver, the common ·mortgagor and debtor, and cut off further exercise of that right, Vandiver, as an element of the redemption itself, acquired it subject to the first right of Rogers-Horton Company, who advanced the money for him and acquired the title as security for that debt. Their priority over the junior mortgagee is to the extent that they advanced the money for a redemption. They cannot tack to that the amount of another debt with no lien on the land with priority over the junior mortgage.

With respect to that debt as represented by the item of $183.07, it is immaterial whether the particular right or equity which this complainant possesses is the statutory right. to redeem on the theory that the deed to Rogers-Horton Company was but a purchase of the land by them, and therefore that Vandiver did not thereby redeem it, or whether it was a redemption by Vandiver with funds advanced by them. Whether it is one or the other affects certain collateral questions, such as the rate of interest, the right to rents without crediting it on the debt, etc.

We think that the transaction was an exercise of the right or equity by Vandiver by which Rogers-Horton Company acquired the title in trust as security for the amount so advanced by them in effecting, it but not for the $183.07, a prior debt to the extent that it may be given superiority to the rights of the junior mortgagee, or his assignee, this complainant.

The result of this discussion is that complainant has the equitable status which Vandiver acquired in his relation with Rogers-Horton Company, with the elimination of the item of $183.07. But that status is not the enforcement of the statutory right which complainant seeks by his bill, and which the court decreed. The equity which he has is on different principles and raises different issues as to the accounting and computation. That relief cannot be decreed on the bill as framed, since there is no alternative statement of the facts relative to such relief, which is necessary to justify a decree on that basis. A bill may be so framed in the alternative. Dozier v. Farrior, 187 Ala. 181 (11), 65 So. 364; Kelly v. Carmichael, 217 Ala. 534 (4), 117 So. 67.

Vandiver can estop himself from obtaining relief by way of an equitable redemption from Rogers-Horton Company

arising from the trust to secure the debt. Hughes v. Carr, 203 Ala. 469 (2), 83 So. 472; Ivy v. Hood, 202 Ala. 121, 79 So. '587 (6); 42 Corpus Juris 381.

Rogers-Horton Company sold the land to Mrs. Godfrey, who was not without notice of the situation. The sale was partly on credit with a substantial amount still unpaid. The purchase price was enough to reimburse them for the amount advanced and to pay the principal of the old debt of Vandiver to them evidenced by a note. Thereupon the note was surrendered to Vandiver and is still retained by him. Whether that status is such a ratification of the sale to Mrs. Godfrey as to estop Vandiver from asserting his equity, which we have discussed, it cannot affect the rights of complainant as junior mortgagee, since such alleged acts thought to be an estoppel occurred subsequent to the vesting of the rights of the junior mortgagee, and are not therefore affected by them, unless there was collusion between them, as argued in briefs. We need not now pass on that question.

No consideration seems to have been given to the item claimed in the statement furnished by Mrs. Godfrey of the lien of a judgment of J. L. Brannon and Company, there said to have been paid or owned by her against Vandiver. There is nothing in this connection presented in the briefs submitted for our attention.

It follows that complainant is not entitled to the relief granted on the bill of complaint. If he wishes to proceed on the other theory here discussed, he must amend his bill.

Reversed and remanded.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.