16 So.2d 311
### AHLRICHS v. JONES.
#### 6 Div. 174.

Supreme Court of Alabama.
Jan. 13, 1944.

A. L. Sapp, of Cullman, for appellant.

St. John & St. John, of Cullman, for appellee.

144

GARDNER, Chief Justice.

Complainant Jones filed the bill against defendant Ahlrichs seeking the exercise of the statutory right of redemption. From the decree overruling demurrer to the bill, the defendant prosecutes this appeal.

One Harvie Chandler and·wife executed a mortgage to defendant Ahlrichs on certain described real·estate in Cullman County, which mortgage was duly foreclosed on August 28, 1941, the said mortgagee purchasing at the sale. Prior thereto, and on July 30, 1941, Chandler and wife conveyed the property by warranty deed to complainant, and as vendee of the mortgagor, complainant seeks to exercise the statutory right of redemption as authorized by Sec. 727, Title 7, Code of 1940.

The bill further discloses that Chandler, to better secure the indebtedness to' defendant, transferred to her as collateral security a mortgage on certain described real estate in Cullman County, which mortgage had been executed to him by one Simmons, and that on August 28, 1941, defendant foreclosed this mortgage and became the purchaser at the sale for the sum of $582.

■ The bill was filed without a tender, and as an excuse therefor complainant shows that he made a written demand on defendant for a statement of the debt and lawful charges claimed by her for redemption. Title 7, Sec. 731, Code of 1940. As for lawful charges, the bill avers the statement rendered complainant contained illegal or exaggerated demands, and is so questionable that he cannot, acting in good faith, reasonably ascertain the amount he should tender; and that in fact the statement disclosed no credit for the amount of the purchase price at the foreclosure sale of the Simmons mortgage which defendant held as transferee and as better security for the mortgage debt here in question. A copy of this statement is made an exhibit to the bill, and it appears upon its face to be uncertain, confusing, and equivocal as to the amount due, containing unjust demands and failing to give proper credit as is charged by complainant. Under these circumstances our decisions support the view that a tender is excused. Slaughter v. Webb, 205 Ala. 334, 87 So. 854; Lee v. Macon County Bank, 233 Ala. 522, 172 So. 662; Cummings v. Vann, 215 Ala. 488, 111 So. 229; Dorrough v. Barnett, 216 Ala. 599, 114 So. 198.

In Johnson v. Williams, 212 Ala. 319, 102 So. 527, upon which counsel for defendant lays some stress, the statement rendered was substantially proper, and the slight inaccuracy was self-correcting. The holding there was simply to the effect there must exist reasonable grounds to show good faith in failing to make a tender.

■ Complainant is not seeking redemption as to the Simmons mortgage, held by defendant as collateral security for the Chandler debt. He has no connection with this mortgage, and no interest therein other than to see to it that the proceeds of the foreclosed collateral be credited on the Chandler mortgage. This is what he claims in the bill, and we think correctly so. Hicks v. Dowdy, 202 Ala. 535, 81 So. 37; 42 C.J. § 2185.

There is here involved no question of partial redemption or redemption by piecemeal, as counsel for defendant argues. It is simply a bill by the vendee of the mortgagor for the exercise of the statutory right of redemption and seeking the ascertainment of the true amount necessary to that end. And in thus ascertaining the amount due, complainant insists defendant is due to give him credit for the proceeds of the Simmons mortgage held by her as collateral as above indicated.

The bill is sufficient, and the demurrer thereto was properly overruled. Let the decree stand affirmed.

Affirmed.

THOMAS, BROWN, and LIVINGSTON, JJ., concur.