152 So. 220

## CRUMPTON v. CAMPBELL.
### 5 Div. 173.

Supreme Court of Alabama.

Jan. 18, 1934.

Lawrence F. Gerald, of Clanton, for appellant.

Reynolds & Reynolds, of Clanton, for appellee.

BROWN, Justice.

This bill is filed by the heir at law of the deceased mortgagor, Prentice Campbell.

One aspect of the bill is to set aside an alleged foreclosure on the ground that it was made before the debt secured by the mortgage matured. A copy of the mortgage is not made exhibit to the bill, nor does the bill allege when the debt under the terms of the mortgage matured.

The bill does aver "that on or about January 30, 1931, the respondent for a valuable consideration agreed in writing to extend and carry the balance due under said mortgage until November 1st, 1931; * * * that the respondent, through her attorney, advertised said real estate securing said mortgage for sale under the power of said mortgage and that said real estate was sold on October 31st, 1931, at the courthouse door of Chilton County, Alabama, to the respondent, Blossom Crumpton, at and for the purchase price of $1500.00, and complainant avers that said property conveyed in said mortgage was sold contrary to the agreement of the respondent and said mortgage was foreclosed and the real estate sold prior to the due date of said mortgage and prior to the mortgage becoming due by virtue of said agreement between the respondent and the said mortgagor, Prentice Campbell."

The bill then avers that Prentice Campbell died intestate on or about the month of September, 1930. This was prior to the date of the alleged extension agreement.

■ While it is permissible in pleading a contract to state its substance and legal effect, the averments must show a binding obligation. McGowin Lumber & Export Co. v. R. J. & B. F. Camp Lumber Co., 192 Ala. 35, 68 So. 263; Doullut & Williams v. Hoffman & Co., 204 Ala. 33, 86 So. 73; 13 C. J. p. 715, § 829; Mayor and Aldermen of City of Ensley v. J. E. Hollingsworth & Co., 170 Ala. 396, 54 So. 95.

■ Another aspect of the bill was to enforce the statutory right of redemption, and does not aver a tender of the amount necessary to redeem, but, to excuse such tender, the bill avers that the statement furnished to complainant on his demand "was exorbitant, unreasonable and does not properly, legally and in an intelligible manner set out such debt and lawful charges, and the same contains claims of amounts legally in excess of any amounts that may be legally due under said mortgage."

These averments do not meet the requirements of good pleading. Ewing v. First Nat. Bank of Montgomery et al. (Ala. Sup.) 148 So. 836; [1] Slaughter v. Webb, 205 Ala. 334, 87 So. 854; Dorrough v. Barnett, 216 Ala. 599, 114 So. 198; Cummings v. Vann, 215 Ala. 488, 111 So. 229.

The demurrers to the bill in both of its aspects were well taken. The decree of the circuit court is therefore reversed, and a decree here rendered sustaining the demurrers, with leave to complainant to amend within twenty days from the filing of the mandate of this court in the office of the register of the circuit court of Chilton county.

Reversed, rendered, and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.