8 So.2d 264

**LAVRETTA v. L. HAMMEL DRY GOODS CO. et al.**

**I Div. 153.**

Supreme Court of Alabama.

May 21, 1942.

Ball & Ball, of Montgomery, for appellant.

Robt. H. Smith, of Mobile, for appellees.

LIVINGSTON, Justice.

This is an appeal from a decree of the Circuit Court, in Equity, of Mobile County, dismissing the bill of complaint of Leota Lawrence Lavretta, and denying the relief sought therein.

The bill was filed for discovery and to · redeem a parcel of land located on Royal Street in the City of Mobile, Alabama, from a mortgage foreclosure sale made December 21, 1938, pursuant to a decree of the Circuit Court of Mobile County— the cause in that court being numbered 10742. The complainant, Leota Lawrence Lavretta, is the wife of the mortgagor, John Lawrence Lavretta.

At the foreclosure sale, the property was bought by the First National Bank of Mobile, the mortgagee, at and for the sum of $75,500. On July 31, 1939, a deficiency decree for the sum of $1,584.52 was entered in favor of the First National Bank of Mobile against John Lawrence Lavretta, the mortgagor.

Thereafter, on August 16, 1939, in pursuance of section 10144, Code of 1923, section 731, Title 7, Code of 1940, Leota Lawrence Lavretta made demand on the First National Bank of Mobile for a statement of the debt and lawful charges necessary to redeem the property. A similar demand was made on June 19, 1940. The bank responded to both requests and furnished the statements demanded.

On October 17, 1940, the bank sold the property to the respondent L. Hammel Dry Goods Company for $80,000. On the same date, by separate written instrument, as recited therein, "as a part of the consideration under said sale" the bank transferred conditionally the debt secured by the mortgage, together with the deficiency judgment of $1,584.52, to L. Hammel Dry Goods Company. The written instrument contained the following: "This transfer, however, is a conditional transfer only, in order to protect said L. Hammel Dry Goods Company in event a redemption from the hereinbefore mentioned mortgage shall be made. It is hereby expressly agreed that in the event such redemption is not made, this transfer is to be of no effect, and all of the rights hereby con-

36

ditionally transferred to said L. Hammel Dry Goods Company, a corporation, shall become and be the absolute property of the First National Bank of Mobile, Alabama."

On December 9, 1940, in pursuance with section 10144, Code of 1923, section 731, Title 7, Code of 1940, Leota Lawrence Lavretta made written demand on L. Hammel Dry Goods Company for a statement of all data comprising the amount necessary for her to redeem the property involved, and on December 13, 1940, the Hammel Dry Goods Company responded by registered mail which was received by Mrs. Lavretta the following day, December 14, 1940. The written itemized statement furnished to Mrs. Lavretta on December 13, 1940, by L. Hammel Dry Goods Company contained the deficiency judgment of $1,584.52, with interest thereon.

Complainant made no tender, but, on December 21, 1940, filed her bill of complaint on the theory that tender and payment into court were excused on account of the exaggerated, erroneous or illegal charges contained in the statement of December 13th. She prayed for the ascertainment by the court of the amount necessary to redeem and an offer to pay such amount.

In a bill to redeem under the statute the redemptioner must aver a payment or a tender of all amounts by the statute required, or show a valid excuse for failure to make payment or tender before filing. Slaughter v. Webb, 205 Ala. 334, 87 So. 854.

When the statement of lawful charges claimed includes exaggerated or illegal demands, or if so questionable that the redemptioner acting in good faith cannot reasonably ascertain the amount he should tender for redemption, no tender need be made before filing a bill to redeem. Johnson v. Davis, 180 Ala. 143, 60 So. 799; Francis v. White, 142 Ala. 590, 39 So. 174; Johnson v. Williams, 212 Ala. 319, 102 So. 527; Dorrough v. Barnett, 216 Ala. 599, 114 So. 198.

Subsection 4 of section 10145, Code of 1923, section 732, Title 7, Code of 1940, provides: "If the redemption is made from a person who at the time of redemption *owned* the debt for which the property was sold, he must also pay any balance due on the debt, with interest thereon to date." (Italics ours.)

In construing the foregoing statute we will presume that the legislature in using the term "owned" intended to use that term in its natural and ordinary sense, and did not intend to include a conditional ownership. The transfer itself is conclusive to the effect that the debt and deficiency judgment were not owned by L. Hammel Dry Goods Company within the purview of the statute, and, for that reason, was not a lawful charge on redemption from the vendee of the mortgagee purchaser. Tender and payment into court were therefore excused.

Appellees earnestly insist that under redemptioner's theory of maintaining her bill without a tender or payment into court of the amount necessary to redeem, she must allege and prove that at the time the bill was filed she was then ready, able and willing to pay the amount necessary to redeem.

One of the purposes of such a bill is to ascertain the amount necessary to redeem. It is sufficient, in the respect here considered, if it shows an excuse for the failure to make payment or tender, seeks the aid of the court in determining the amount necessary to redeem, and offers to pay the amount so ascertained. Francis v. White, 160 Ala. 523, 524, 49 So. 334; Slaughter v. Webb, 205 Ala. 334, 87 So. 854; Gay v. Taylor, 214 Ala. 659, 108 So. 853; Durr Drug Co. v. Acree, 241 Ala. 391, 2 So.2d 903: see, also, Lee v. Macon County Bank, 233 Ala. 522, 172 So. 662.

Our construction of the bill here considered is that it meets the foregoing requirements, and it was wholly immaterial as to whether or not complainant was ready and able to pay the amount necessary to redeem at the time the bill was filed. If she was ready, able and willing to pay when the correct amount was ascertained, due regard, of course, being had for time to close the matter, that is sufficient.

It therefore follows the lower court erred in dismissing the bill, and the cause is reversed and remanded.

Reversed and remanded.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.