These are appeals from the judgment of the trial court determining the amount required to be paid by appellant Richard Wallace to redeem a parcel of land located in Mobile County, Alabama. We affirm in part; reverse in part; and remand.
The facts of this case are that in 1971 appellees/cross-appellants W.F. Chastain and James W. Davis, doing business as D C Mortgage Company ("D C"), sold a parcel of land to Mr. Allen W. Wallace and his wife, Mrs. Dallas G. Wallace, for the sum of $14,500.00. The Wallaces paid $50.00 down and agreed to pay the balance in specified monthly installments. "D C" reserved, in the deed to the property, a vendor's lien to secure payment of the balance due. The vendor's lien included a power of sale that allowed "D C" to sell the property at public outcry if the Wallaces defaulted on their scheduled payments. A few months later the Wallaces did default and "D C" foreclosed and also bought the property at the foreclosure sale.
In October 1981, "D C" resold the property to James M. and Linda C. Beasley, appellees herein, for $18,000.00, which included a down payment of $500.00 and a vendor's lien for the balance which was to be paid in monthly installments of $300.00. The deed from "D C" to the Beasleys further provided:
 "Grantors herein agree that should the property herein described be rightfully redeemed for an amount less than the consideration herein recited, Grantors shall refund unto Grantees the difference or surplus of the money actually paid by the Grantees to the Grantors over and above the amount paid to redeem less and except the amount of $300.00 per month which shall, in such event, be charged to the Grantees as monthly rent. It is the intent of the parties hereto that should redemption occur, the Grantees shall only be charged the sum of $300.00 per month as rent and that all other sums of money, after refund to the Grantees of surplus due them, paid in redemption shall be paid to the Grantors."
At the time of the conveyance by "D C" to the Beasleys, appellant Richard Allen Wallace had acquired the statutory right of redemption to the property by virtue of a warranty deed executed to him by his parents, Allen Wallace and Dallas G. Wallace. Upon learning of the sale by "D C" to the Beasleys, appellant Richard Wallace, through his attorney, gave written notice to the Beasleys of his intention to redeem, and demanded a statement of lawful charges from the Beasleys within ten days as required by statute.
The Beasleys, by letter dated October 30, 1981, advised Mr. Wallace that the total of the purchase price and permanent improvements made by them totaled $40,000.00, and that this was the amount Mr. Wallace would be required to pay in order to redeem. By written notice dated November 6, 1981, appellant through his attorney, gave written notice to the Beasleys and their attorney that appellant did not agree with the value of permanent improvements claimed by the Beasleys.
At this point each party, as required by statute, appointed a referee to determine the true value of the improvements made by the Beasleys. The referees conferred but were unable to reach an agreement as to the value of the improvements, whereupon, appellant Richard Wallace filed suit in the Circuit Court of Mobile County. *Page 135 
In his complaint, Wallace averred the above stated facts and asserted that the value claimed by the Beasleys for improvements made to the property was unreasonable and had been exaggerated for the purpose of thwarting and frustrating his legal right to redeem the property. In his prayer for relief, Wallace asked the court to ascertain the true value of the permanent improvements and to fix the amount required by him to be paid to redeem the property.
Trial was held before Judge Robert L. Byrd, Jr., on October 21, 1982. At trial, the parties stipulated that the total amount necessary to satisfy the purchase money mortgage, including interest and other lawful charges, owing to the defendant D C Mortgage Company was $11,353.72.
The parties further stipulated that the issues before the Court for trial were to be the treatment to be given to payments, labeled rent, made by the Beasleys to "D C" since the date of the filing of the complaint for redemption and also the value of permanent improvements made by the Beasleys since their purchase of the property from "D C".
After hearing the evidence ore tenus, Judge Byrd ordered that the value of permanent improvements made by Mr. Mrs. James Beasley to the subject property was $20,900.00. He further ordered that Richard Wallace was entitled to a credit of $900.00 against the stipulated sum of $11,353.72 necessary to satisfy D C Mortgage Company, said credit representing the payments made or accrued by the Beasleys to "D C" since the date of filing of the redemption action.
Richard Wallace is before this court appealing the trial court's valuation of the permanent improvements to the subject property. W.F. Chastain and James W. Davis, individually and d/b/a D C Mortgage Company, are before this court as appellees and cross-appellants appealing the trial court's judgment as to the $900.00 credit.
Concerning Mr. Wallace's appeal, it is undisputed that he must pay the amount determined by the court to be the value of the permanent improvements to the property in order to effect redemption. See Code of Alabama 1975, § 6-5-235. Mr. Wallace, however, contends that the trial court erroneously determined the value of the permanent improvements to the property to be $20,900.00. Mr. Wallace's strongest argument in support of his position is that the trial court's valuation is erroneous because the value of the improvements as determined by the court is much higher than the actual proven cost of the improvements. Unfortunately, we are not persuaded.
Code of Alabama 1975, § 6-5-244, provides that "Any person offering to redeem must pay to the then holder of the legal title the value of all permanent improvements made on the land since the foreclosure sale. . . ." This court, interpreting this language, has determined that the section does not deal with the cost, but rather with the value, of the permanent improvements. Ladd v. Parmer, 278 Ala. 435, 178 So.2d 829
(1965). While the cost of improvements is related to the value, the reasonable value is made the basis of payment by the redemptioner. Ladd v. Parmer, supra.
In the instant case, the trial judge was presented with conflicting evidence as to the value of the permanent improvements from each party's expert witness. The court also heard evidence of the cost of each particular improvement. In this case, it was the duty of the court, as the trier of fact, to make a determination of the proper value to be assessed to the improvements, taking into consideration the evidence presented. Furthermore, it is stated:
 "Where a trial court has heard the evidence ore tenus, its findings of fact will not be disturbed on appeal unless clearly erroneous or manifestly unjust, and such rule is especially applicable in cases in which the trial court makes its findings of fact after hearing conflicting evidence; every presumption will be indulged in favor of the court's findings, and those *Page 136 
findings will not be disturbed unless palpably wrong."
Reliance Insurance Co. v. Substation Products Corp.,404 So.2d 598, 603 (Ala. 1981). See also Leslie v. Pine Crest Homes,Inc., 388 So.2d 178 (Ala. 1980). We find no such palpable error in the valuation decision of the trial judge in the present case. Thus, the order of the lower court is affirmed as to this issue.
The issue brought on appeal by Mr. Chastain and Mr. Davis concerns Code of Alabama 1975, § 6-5-235 (6), which provides that the purchaser at a foreclosure sale is entitled to all rents and profits accrued on the property until the date of redemption. This has been read to mean that the redemptioner, then, is entitled to any rents or profits accruing subsequent to the redemption date. See Dicie v. Morris, 285 Ala. 650,235 So.2d 796 (1970). The date of redemption is deemed to be the date of the filing of the original complaint to redeem. Diciev. Morris, supra. Furthermore, a purchaser in possession of land as purchaser under a valid foreclosure is the absolute owner and is not chargeable with rent in respect to another whose rights were foreclosed. Coon v. Henderson, 242 Ala. 144,5 So.2d 397 (1941).
A review of these principles and the record presented on appeal leads us to the conclusion that the trial court erred in its decision to credit the redemptioner Wallace with the payments made by the Beasleys to "D C". Under the statute referred to above, a redemptioner is only entitled to look to the purchaser in possession on the date of redemption for rents and profits accrued. At the date of redemption the Beasleys were the owners in possession of the property, and they were the ones from whom the property would be redeemed; therefore, Wallace, as redemptioner could only demand rents and profits collected by the Beasleys had any been collected.
The statute does not contemplate that a redemptioner can collect rents or profits from a prior owner or purchaser of the redeemed property. Wallace would have us go behind the private agreement or contract between the present purchaser in possession and the former owner of the redeemed property to allow the redemptioner credit for payments made pursuant to a private contract. This the statute does not authorize us to do. Thus, the trial court's ruling that Wallace was to receive credit for the payments made by the Beasleys to "D C" was erroneous, and is due to be, and is hereby reversed.
It should be noted that the Beasleys, as appellees, bring an issue on appeal as to whether the redemption in this case was proper in the first instance. They argue that the redemptioner Wallace initially failed to comply with the statutory procedure for redemption in Code of Alabama 1975, § 6-5-235, which requires that in order to redeem the redemptioner must pay to the purchaser, or into court, the amount required to redeem or provide an adequate excuse to the court for his failure to do so.
We find the Beasleys' contention to be without merit, since, reviewing the record, we are satisfied that the redemptioner provided a sufficient excuse — that there was a bona fide disagreement as to the amount of lawful charges due in this case. See Dicie v. Morris, 285 Ala. 650, 235 So.2d 796 (1970);Slaughter v. Webb, 205 Ala. 334, 87 So. 854 (1921).
We have carefully reviewed the record and excellent briefs of counsel in this case. We find that the court's valuation of permanent improvements is due to be affirmed; that the court was in error in crediting the redemptioner $900.00 as accrued rents; and that there is no merit in the Beasleys' contention that redemption was improper.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and JONES, ALMON and ADAMS, JJ., concur. *Page 137