Transamerica Financial Services, Inc., (hereinafter Transamerica) initiated this case by filing a bill for redemption, requesting the Circuit Court of Jefferson County to determine the proper amount Transamerica was required to pay in order to redeem property which had been sold in a foreclosure sale, and upon which Transamerica owned a second mortgage. Ray and Patricia Beavers had purchased the property in the foreclosure sale, and disagreed with Transamerica on the proper redemption amount. The court granted summary judgment in favor of Transamerica and the Beaverses appeal.
This case arises from the following facts:
The Beaverses initially owned the property involved herein, and then conveyed it to Dennis and Donna Coshatt. The Coshatts financed a large portion of the purchase price with a mortgage loan from the Beaverses as mortgagee. Transamerica subsequently made a loan to the Coshatts, and recorded a second mortgage on the property.
The Beaverses foreclosed on the subject property on April 4, 1983, when the Coshatts became delinquent in payment. The Beaverses purchased the property at a foreclosure sale for $43,216.86. Transamerica, holding a second mortgage, gave notice of its desire to redeem the property, but after negotiation, the parties could not agree on the proper redemption amount. Transamerica then filed the present suit on July 20, 1983.
On July 23, 1984, the circuit court granted Transamerica's motion for summary judgment and established the redemption amount at $44,678.35. This amount was determined, pursuant to Code 1975, § 6-5-235, by adding 10% interest to the purchase *Page 1107 
price paid by the Beaverses at the foreclosure sale. The interest was calculated from the date of foreclosure until the date of the filing of the complaint by Transamerica. The redemption amount set by the court also included "lawful charges" claimed by the Beaverses pursuant to § 6-5-235. Additionally, the court held that Transamerica was entitled to recover rentals collected on the property by the Beaverses from July 20, 1983, the date of filing suit, to the date of the order. This rental amount was later determined to be $4,200.00.
The Beaverses allege the following three errors by the trial court: 1) The court incorrectly interpreted § 6-5-235 to allow only 10% interest on the purchase amount paid at the foreclosure sale; 2) The court incorrectly awarded Transamerica the amount of rentals paid to the Beaverses during the pendency of the litigation; 3) The court incorrectly dismissed the Beaverses' counterclaim against Transamerica.
We disagree with the Beaverses' claims of error and we affirm the judgment entered below.
The first issue we address involves the correct construction of Code 1975, § 6-5-235, the redemption statute. This statute reads in relevant part as follows:
 Anyone entitled and desiring to redeem real estate under the provisions of this article must also pay or tender to the purchaser or his vendee the purchase money, with interest at the rate of 10 percent per annum thereon, and all other lawful charges, with legal interest. . . .
Code 1975, § 6-5-235. The statute goes on to list acceptable "other lawful charges." The disagreement between the parties concerns the phrase "with legal interest" found at the end of the above excerpt. The Beaverses interpret this to require the imposition of legal interest on the entire previously determined amount, that is, on the sum of the purchase money, plus 10% interest per annum thereon, plus all other lawful charges.
Transamerica, on the other hand, argues that "with legal interest" applies only to the phrase "all other charges." Under this construction, the redemption amount would be the sum of the purchase money, plus 10% interest per annum thereon, plus all other lawful charges, plus legal interest on those other lawful charges. The circuit court correctly used this latter interpretation in determining the redemption amount.
In Wilkes v. Hood, 237 Ala. 72, 185 So. 748 (1939), the Court addressed the payment of interest on the foreclosure sale purchase amount, as distinguished from the payment of interest on one of the statutorily provided "other lawful charges," the "other lawful charge" in that case being the balance due on the original debt. The Code provides for this charge as one of the "other lawful charges":
 If the redemption is made from a person who at the time of redemption owned the debt for which the property was sold, he must also pay any balance due on the debt, with interest thereon to date.
Code 1975, § 6-5-235 (4).
The Wilkes decision states the following about the two distinct interest charges:
 When the mortgagee becomes the purchaser at his own sale, and redemption is sought from him, the would-be redemptioner must pay any balance due on the debt, with interest thereon at the rate of 6% per annum, as well as other lawful charges. This balance of the mortgage debt is made by the statute — Section 10145 [Code 1923] — a lawful charge, which the redemptioner must pay, but the statutory rate of 10 per cent required to be paid on the purchase money is not the rate at which interest is to be computed on this balance of the debt. Malone v. Nelson et al., 232 Ala. 243, 167 So. 714. [Emphasis added.]
237 Ala. at 75, 185 So. at 751. Wilkes, therefore, makes a clear distinction between the 10% interest computed on the purchase amount and the "legal interest" computed on any other lawful charges. Under the plain language of § 6-5-235, the redemption amount includes, first, the purchase *Page 1108 
price with 10% per annum interest added thereto, and, additionally, the statutorily allowed other charges, if any, with legal interest added thereto. In the present case, the circuit court did not err on this issue.
The next question we address is whether the circuit court correctly subtracted from the redemption amount Transamerica had to pay, the value of rentals the Beaverses had collected on the property in question. The court determined that the Beaverses had collected $4,200.00 in rent between July 20, 1983, the date Transamerica filed its bill of redemption, and July 23, 1984, the date of the court's order. This amount was subtracted from the redemption amount determined by the court.
The Code provides that a purchaser at a foreclosure sale is entitled to rentals on the property until the date ofredemption. The statute reads as follows:
 The purchaser shall be entitled to all rents paid or accrued to date of the redemption, and the rents must be prorated to such date. The purchaser or his vendee and his tenants shall have the right to harvest and gather the crops grown by them on the place for the year in which the redemption is made, but must pay a reasonable rent for the lands for the proportion of the current year to which such redemptioner may be entitled. [Emphasis added.]
Code 1975, § 6-5-235 (6). In Wallace v. Beasley, 439 So.2d 133
(Ala. 1983), we addressed the meaning of this section:
 The issue brought on appeal . . . concerns Code of Alabama 1975, § 6-5-235 (6), which provides that the purchaser at a foreclosure sale is entitled to all rents and profits accrued on the property until the date of redemption. This has been read to mean that the redemptioner, then, is entitled to any rents or profits accruing subsequent to the redemption date.
See Dicie v. Morris, 285 Ala. 650, 235 So.2d 796
(1970). The date of redemption is deemed to be the date of the filing of the original complaint to redeem. Dicie v. Morris, supra. [Emphasis added.]
439 So.2d at 136. Under Wallace then, the trial court was correct in awarding Transamerica, the redemptioner, the value of rentals collected by the Beaverses from the date of the filing of the bill of redemption until the date of the order.
The Beaverses also question the circuit court's decision to return to Transamerica the interest earned on the sum the redemptioner initially deposited with the court upon the filing of the bill of redemption. Because of the dispute regarding the proper redemption amount, Transamerica filed its bill of redemption and tendered to the court the amount of $44,115.26. This sum was placed in an interest bearing account upon Transamerica's request. After the court-determined redemption amount was paid to the Beaverses, the remaining funds in this escrow account were returned to Transamerica. The Beaverses argue that if Transamerica was entitled to the rentals on the subject property from the date of redemption, then the Beaverses should be entitled to the interest on the court-held redemption money from the date of redemption.
We can find no cases on this precise issue. It is accepted law, however, that a redemptioner need not always tender the redemption amount into the court. We quote from Francis v.White, 160 Ala. 523, 49 So. 334 (1909), in which the Court stated:
 "* * * So, in the bill to redeem under the statute, the debtor must either aver a payment or a tender of all the amounts by the statute required, or to show a valid excuse for failure therein, before filing, such as nonresidency of purchaser, or redemptioner's inability to ascertain the amounts necessary to be paid or tendered, and ask the court to aid him in ascertaining the true amounts, and offer to pay such amounts before insisting upon his right to redeem or to be reinvested with the title. [Emphasis added.]
160 Ala. at 527, 49 So. at 335. In the present case, Transamerica, although in good faith disagreement over the redemption *Page 1109 
amount, nevertheless tendered into the court an amount reflecting Transamerica's interpretation of the statute. Since Transamerica, arguably, was not required to tender the funds into the court, and since the funds were put into an interest bearing account because of a request by Transamerica, and since § 6-5-235 does not include such interest among the items comprising the redemption amount, we hold that the trial court correctly returned the excess escrow money to Transamerica.
The final issue to be disposed of is the Beaverses claim that the trial court erred by striking their counterclaim against the redemptioner. Transamerica had initially sought attorney's fees in its original complaint. This claim was dismissed from the complaint upon the Beaverses' motion to strike. The Beaverses then filed a counterclaim against Transamerica, alleging abuse of process because Transamerica had requested such attorney's fees. This counterclaim was dismissed upon Transamerica's motion. We find no error in the lower court's dismissal of this counterclaim.
For the above-stated reasons, the judgment of the Circuit Court of Jefferson County is affirmed.
AFFIRMED.
FAULKNER, JONES, ALMON and SHORES, JJ., concur.