**In re Michael Robert DETTER and Karen Kay Detter, Debtors.**

**Bankruptcy No. 91–03670–APG.**

United States Bankruptcy Court, M.D. Alabama.

Dec. 13, 1991.

Gary A. Hudgins, Dothan, Ala., for debtors.

Herman H. Hamil, Jr., Capell, Howard, Knabe & Cobbs, Montgomery, Ala., for contestant.

OPINION ON MOTION TO SET ASIDE FORECLOSURE AND OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

A. POPE GORDON, Bankruptcy Judge.

The debtors filed a petition under Chapter 13 on August 2, 1991 some two hours

after Union Bank & Trust Company[1] foreclosed the debtors' interest in their residence.[2]

The debtors then filed a motion to set aside the foreclosure sale. The motion states no legal grounds to set the foreclosure sale aside.[3]

The debtors propose to "cure" the default by paying the arrearage through a three-year Chapter 13 plan.[4] Implicit in the plan is the debtors' intention to remain in possession of the property.

The issue is whether the debtors have an interest in the property sufficient to allow them to remain in possession and cure the default under the mortgage.

The parties agree that the debtors' only remaining interest in the property after foreclosure is the statutory right to redeem the property under Alabama law.

### I.

The bank has legal title to the property and is the "absolute owner" of the validly foreclosed property.[5] *See Ala. Code* § 35–10–5 (1975); *Wallace v. Beasley*, 439 So.2d 133, 136 (Ala.1983).

The bank has the right to possession as the purchaser at the foreclosure sale: "[P]ossession of the land must be delivered to the purchaser ... after written demand for the possession has been made." *Ala. Code* § 6–5–251.[6]

The statutory right of redemption does not carry with it the right to possession of the property prior to redemption. Statutory rights of redemption are "mere personal privileges and not property or property rights." *Ala.Code* § 6–5–250 (1975). *See Federal Deposit Ins. Corp. v. Morrison*, 747 F.2d 610, 613–614 (11th Cir.1984).

### II.

◼ The bank is not prohibited by the automatic stay from engaging in "any act to obtain possession" of the property. 11 U.S.C. § 362(a)(3) prevents the bank from obtaining possession of property of the estate. However, the residence is not property of the estate. The debtors lost all property rights in the residence at foreclosure. The filing of the bankruptcy petition could not confer upon the debtors property rights that did not exist prepetition.[7]

### III.

◼ The debtors may not "cure" the default under the three-year Chapter 13 plan by paying the arrearage over the life of the plan. 11 U.S.C. § 1322(b)(5) allows a debtor to cure a default on the following long-term secured obligations:

1. The debtors mortgaged the property to AmSouth Mortgage Company, Inc. AmSouth assigned the mortgage to Union Bank & Trust Company as Trustee under a trust indenture with Alabama Housing Finance Authority.

2. The Bank's attorney recorded the foreclosure deed in the Office of the Judge of Probate of Houston County, Alabama on August 2, 1991, at 1:01 p.m. On the same day, the debtors filed a Chapter 13 petition in Montgomery, Alabama at 2:53 p.m.

3. The debtors allege that there is a significant amount of equity in the residence and that the residence is "vital" to their rehabilitation. This allegation, if proved, might defeat a stay motion under § 362, but it is not relevant to the motion in question. In addition, the debtors allege that they believed the foreclosure sale was scheduled for August 5, 1991. However, the debtors have adduced no evidence of deficient notice of the foreclosure.

4. According to the foreclosure deed, the balance due on August 2, 1991, the foreclosure date, was $55,452.26. The debtors propose to pay the postpetition contract payments to Union Bank & Trust Company outside the plan.

5. The bank purchased the property at the foreclosure sale.

6. The bank issued the ten-day notice to the debtors to vacate the property. It does not appear that the bank has taken any further steps to obtain possession.

7. 11 U.S.C. § 541 governs which property of the debtors becomes property of the bankruptcy estate. However, state law determines the *nature* and *existence* of a debtors' property rights. *See In re Thomas*, 883 F.2d 991, 995 (11th Cir. 1989). These rights are not expanded by 28 U.S.C. §§ 1334(d) and 157(a) (which give the court jurisdiction of property of the estate and the debtor) or 11 U.S.C. § 1322 (which permits a debtor to modify the rights of secured and unsecured claimants).

[The plan may] provide for the curing of any default ... on any ... *secured claim* on which the last payment is due after the date on which the final payment under the plan is due (emphasis added).[8]

However, the bank has no *secured claim* on which any default may be cured. The bank has absolute ownership of the residence subject to the debtors' statutory right to redeem the property.[9]

The debtors rely heavily on *In re Saylors*, 869 F.2d 1434 (11th Cir.1989) to establish their right to cure the default and remain in possession of the property. However, in that case the mortgagee had not yet foreclosed the debtors' interest in the property.

An appropriate order will enter denying the debtors' motion to set aside the foreclosure sale and denying confirmation of the debtors' Chapter 13 plan.[10]

---

**8.** A debtor may *not* otherwise modify a secured claim which is "secured only by a security interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2).

**9.** The bank has an unsecured claim for any deficiency remaining after the foreclosure sale.

**10.** The plan was erroneously confirmed by order dated November 8, 1991. That order will be vacated and the debtor allowed 15 days to modify the Chapter 13 plan.